## GLENN RAY v. MINNEAPOLIS BOARD OF EDUCATION, SPECIAL SCHOOL DISTRICT NO. 1.

202 N. W. 2d 375.

November 17, 1972—No. 43544.

*Smith, Juster, Feikema, Haskvitz & Casserly* and *Wyman Smith,* for appellant.

*Lindquist & Vennum* and *N. L. Newhall,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Schultz, JJ.

HAROLD W. SCHULTZ, JUSTICE.*

This is an appeal from an order of the Hennepin County District Court affirming a decision of the Minneapolis Board of Education discharging a teacher.

The issue presented is whether there is substantial evidence, considering the record as a whole, to sustain the school board's finding that appellant was guilty of insubordination.

On June 24, 1971, the school board, pursuant to Minn. St. 125.17, subd. 4, discharged Glenn Ray for insubordination. Section 125.17, subd. 4, provides in part:

"Causes for the discharge or demotion of a teacher either during or after the probationary period shall be:

"(1) Immoral character, conduct unbecoming a teacher, or insubordination."

The discharge followed a public hearing held at appellant's request and was expressly stated to be without prejudice to his application for employment for the 1971-1972 school year and to his reemployment as a new teacher at the step and lane to which he would otherwise have been entitled, but without tenure. Appellant then sought review of the school board's decision by certiorari. After a hearing, the district court affirmed the school board's decision, and this appeal followed.

Appellant is a well-qualified Minneapolis high school teacher. He entered that system in 1964 and taught Russian and social studies at Edison High School until the date of his discharge. His discharge was precipitated by the fact that the North Central

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

Association of Colleges and Secondary Schools was conducting an evaluation of foreign languages and social studies departments in Minneapolis and St. Paul high schools. As part of this study, all teachers in each of those departments were required to fill out an 8-page form.

Appellant was first requested in the fall of 1970 to complete and return the forms. In January 1971, he was asked by Mr. Frank Janes, who was in charge of the North Central program for the Minneapolis district, to turn in his form for foreign languages. In filling out that form, appellant attacked Janes for requesting that the form be completed. In addition, appellant did not respond to all of the questions. He failed to answer questions regarding "Teacher Load and Assigned Duties," "Preparation and Experience," and "Professional Activities." In February 1971, appellant told the North Central evaluation team that if the team attended his class, he would leave the room. As a result, the team did not visit his class. When his principal asked him to complete the social studies form, he again did not fill it out completely, leaving some questions blank, answering some in an unresponsive fashion and in a way not useful to the evaluation. When requested, he refused to complete the form, asking his supervisor not to harass him again. Appellant was finally advised by Mr. Nathaniel Ober, associate superintendent of schools, that his failure to comply with the requirements would be regarded as an act of insubordination and dealt with accordingly. Subsequently, Dr. Harry N. Vakos, assistant superintendent, warned him that insubordination was one of the statutory grounds for dismissal. In April, appellant again refused to fill out and make available his social studies form. He was thereafter notified of his discharge. A public hearing by the school board followed, after which the board made findings of fact, conclusions of law, and its decision of discharge for insubordination.

Appellant does not challenge most of the findings of the board. He does not, however, agree that he was insubordinate within the meaning of Minn. St. 125.17, subd. 4. He contends that the

administration did not have proper authority from the school board to issue directives in regard to the evaluation forms. He also contends that his rights under the First Amendment of the United States Constitution have been violated.

There does not appear to be any substance to the claim that appellant's constitutional rights have been violated. He was not discharged because of anything he said or wrote. He could have filled out the forms and made any criticism that he wanted to make. He could have used any other means to criticize North Central or the administration. He was discharged because he deliberately chose, in the face of repeated directives, not to co-operate in a program which was part of his responsibility as a teacher. We agree with the trial court that there is no issue here of freedom of speech.

The school board in its findings determined that the orders and directives issued to appellant were reasonable and that the school board had delegated to the administration the authority to issue such orders and directives in the interest of the school district. It further determined that the administration had acted properly and within its authority in ordering appellant to comply with the evaluation study, which is a part of the educational program of the Minneapolis schools.

In reviewing the discharge, the district court is limited to asking whether the determination was arbitrary, oppressive, unreasonable, fraudulent, under an erroneous theory of law, or without evidence to support it. State ex rel. Ging v. Board of Education, 213 Minn. 550, 7 N. W. 2d 544 (1942).

The trial court, having considered the transcript of the proceedings, the exhibits, the findings of fact, conclusions, and decision of the school board, and the arguments of counsel, did properly affirm the decision of the board. The issue here is not freedom of speech, or the qualifications of the teacher, Glenn Ray, or the value of the North Central evaluation study. The issue is whether there is substantial evidence, considering the

record as a whole, to sustain the school board's finding of insubordination.

There is no statutory or common-law definition of insubordination in Minnesota. However, the parties have agreed that the following is a proper definition: Insubordination is a "constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority." Shockley v. Board of Education, 51 Del. 537, 541, 149 A. 2d 331, 334, reversed on other grounds, 52 Del. 237, 155 A. 2d 323 (1959).

There is no question but that appellant had ample opportunity to fill out the evaluation forms and that his responses were purposely and intentionally incomplete, uncooperative, unresponsive, and argumentative. The decision of the school board and the concurrence of the trial court that such conduct was insubordination is a proper determination and must be affirmed.

Affirmed.