Lewis R. THOMPSON, Petitioner,

v.

The BOARD OF EDUCATION OF the ROARING FORK SCHOOL DISTRICT RE–1, Respondent.

No. 80CA0990.

Colorado Court of Appeals, Div. I.

Feb. 10, 1983.

Rehearing Denied March 24, 1983.

Certiorari Denied Aug. 15, 1983.

Larry F. Hobbs, Denver, George C. Price, Aurora, for petitioner.

William V. Hodges, III, Carbondale, for respondent.

STERNBERG, Judge.

Lewis R. Thompson, a tenured teacher, seeks review of an order of the Board of Education of the Roaring Fork School District RE–1 dismissing him from his position for neglect of duty, insubordination, incompetency, and other and just causes pursuant to § 22–63–116, C.R.S.1973. We affirm.

Thompson attacks the sufficiency of the hearing officer's findings, and alleges the evidence was insufficient as a matter of law to justify dismissal.

I.

Thompson first contends that the hearing officer is obligated by § 22–63–117(8), C.R.S.1973 (1982 Cum.Supp.) to report all of the facts to the board of education including deficiencies of the principal and that the hearing officer's failure to so do interfered with the board's ability to enter a just order. We do not agree with this contention.

Under the legislative scheme of the Teacher Employment, Dismissal and Tenure Act, § 22–63–101, et seq., C.R.S.1973, (the Act), the hearing officer's role is to make findings of basic or evidentiary facts upon which the school board is to make its ultimate findings. *Ricci v. Davis,* 627 P.2d 1111 (Colo.1981). The hearing officer is empowered to take evidence, assess credibility, weigh conflicting evidence, and draw factual inferences, and the officer's determination of these matters is embodied in his findings of fact. *Ricci v. Davis, supra.* Implicit in the overall scheme is the intent that the board is to consider only the evidence adopted as a finding of fact and not conduct a full review of the evidence. *Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978).

Here, the hearing officer's nine pages of findings were sufficiently detailed to enable the board to make its decision.

To require that the findings contain all the evidence contained in the record would subvert the role of the hearing officer.

Nor do we agree with Thompson's contention that the findings of fact are erroneous. Thompson disagrees with the hearing officer's findings that he accepted the accuracy of his principal's evaluations and argues that no evidence was introduced that the evaluations were inaccurate.

■ Under the Act, an action for judicial review is brought under the State Administrative Procedure Act, § 24–4–106(11), C.R.S.1973, which in turn directs that the standard of review set forth in § 24–4–106(7), C.R.S.1973 (1978 Repl.Vol. 10) shall apply. And, under that section, the hearing officer's findings of basic facts must be accepted unless, when the record is considered as a whole, they are clearly erroneous, or unsupported by substantial evidence. *See Ricci v. Davis, supra,* at n. 5.

■ The findings complained of reflect the hearing officer's assessment of weight of the evidence and credibility of witnesses. They are supported by the record, are not clearly erroneous, and thus may not be disturbed on appeal.

## II.

Thompson next contends that the board applied the wrong legal standard to find that the evidence supported the charges. We disagree.

■ The determination of whether the findings fall within the statutory standards for dismissal is a finding of ultimate fact, *i.e.,* a mixed question of law and fact. 2 *K. Davis, Administrative Law Treatise* § 16.06 (1958). The board of education, having the responsibility of implementing the educational programs of its communities, has the case-by-case authority to define the limits of broad, general grounds for dismissal. *Blair v. Lovett, supra.* Our function on review, therefore, is limited to determining whether the finding has warrant in the record and a reasonable basis in law. *Ricci v. Davis, supra.*

One of the grounds relied upon for dismissal was insubordination. Thompson argues that the elements of insubordination are violation of a rule or regulation promulgated by the school board or a directive by the principal based upon a school board rule or regulation, and willful deviation from such rule or directive. In the course of several evaluations of Thompson the principal asked Thompson to submit class discipline rules, seek help from other teachers, and make other efforts to improve the effectiveness of his teaching. Thompson contends these were "suggestions" and not of such force that failure to follow them could result in dismissal. We do not agree.

Thompson's assertion that violation of his principal's directives cannot constitute insubordination is without merit.

■ For a period of three years the principal evaluated Thompson's performance pursuant to his duty to evaluate the staff. Thompson read and discussed the principal's evaluations of him in which the areas he needed improvement were recorded. The hearing officer's findings indicate Thompson did not follow those suggestions and the record supports those findings. In *Ray v. Minneapolis Board of Education,* 295 Minn. 13, 202 N.W.2d 375 (1972), insubordination is defined as "a constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority." We adopt that definition and conclude that the hearing officer's findings are sufficient to support dismissal on the ground of insubordination. *See also* Annot., 78 A.L.R.3d 83 (1977).

■ The by-laws and board policies of the school district place the principal in charge of the school and all matters of administration and supervision, and give the principal the responsibility to carry out educational programs. This conforms with the statutory duties conferred by § 22–32–126, C.R.S.1973. Taking the steps necessary to supervise and insure the effectiveness of teachers is within the authority delegated to the principal by the school board and thus constitutes a legitimate exercise of his

power. While the discretion to hire and fire must remain with the school board, *Big Sandy School District No. 100–J v. Carroll,* 164 Colo. 173, 433 P.2d 325 (1967), administrative duties relating to supervising teachers may be placed with the principal. The principal's directives were, therefore, binding upon Thompson. *See DeKoevend v. Board of Education,* 653 P.2d 743 (Colo.App. 1982) *(cert. granted* November 8, 1982).

Thompson also challenges the finding of incompetency and neglect of duty. However, because the hearing officer found that insubordination was the most telling ground and, alone, justified dismissal, it is not necessary to review these other contentions. *See Ricci v. Davis, supra.*

The judgment is affirmed.

COYTE and BERMAN, JJ., concur.