Julie BENKE, Petitioner-Appellant,

v.

David NEENAN, John Strachan, Preston Davis, Howard Diehl, Joseph Daly, Gladys Eddy, Richard Manges, individually, and as members of the Board of Education of Poudre School District R-1, County of Larimer, Respondents-Appellees.

No. 81SA329.

Supreme Court of Colorado, En Banc.

Feb. 14, 1983.

Cirkal & Sandman, Jeffrey I. Sandman, Denver, for petitioner-appellant.

Harden, Schmidt & Hass, P.C., Ralph B. Harden, Fort Collins, for respondents-appellees.

HODGES, Chief Justice.

Appellant Benke challenges her dismissal as a high school art teacher on constitutional and other grounds. We affirm the dismissal.

Appellant began teaching in Poudre School District R–1 in 1971. In July 1979 the principal of the school to which she was assigned recommended her dismissal. She thereupon, as a tenured teacher, requested and was granted a leave of absence for the 1979–80 school year and the principal suspended further action on his dismissal recommendation. When the appellant notified the school district in the spring of 1980 that she intended to return to teaching when her leave expired, the principal reinstated his recommendation of dismissal.

In September of 1980, a hearing was held before a Board of Education hearing officer selected by the parties, pursuant to section 22–63–117(5), C.R.S.1973 (now in 1982 Supp.). The hearing officer made comprehensive findings of fact in which he recited the testimony and the evidence considered by him to support the conclusion that the appellant neglected her duties and that she was incompetent as a teacher. The hearing officer concluded that, as a matter of law, under section 22–63–116, C.R.S.1973, setting forth the grounds for dismissal of tenured teachers, the appellant was incompetent and had neglected her duty during the 1978–79 school year, and that there was good and just cause for her dismissal. The appellant did not testify, and the evidence presented to support grounds for dismissal was basically unchallenged. The hearing officer recommended, and the Board of Education subsequently voted to dismiss the appellant.

## I.

Section 22–63–116, C.R.S.1973 provides: "The grounds for dismissal of a tenured teacher shall be physical or mental disability, incompetency, neglect of duty, immorality, conviction of a felony, insubordination, or other good and just cause."

Appellant argues that the terms "incompetency" and "neglect of duty" in this statute are unconstitutionally vague and consequently her dismissal on these statutory grounds was invalid. In several recent cases we have upheld the facial constitutionality of this statute. *See, e.g., Ricci v. Davis,* 627 P.2d 1111 (Colo.1981); *Blair v. Lovett,* 196 Colo. 118, 582 P.2d 668 (1978); *Weissman v. Board of Education of Jefferson County,* 190 Colo. 414, 547 P.2d 1267 (1976); *Umberfield v. School District No. 11,* 185 Colo. 165, 522 P.2d 730 (1974) (dealing with the superseded statute, though identical to the relevant language in this case).

A statute is void for vagueness when it fails to give fair warning of what is prohibited and when it does not lend itself to meaningful judicial review. *See LDS, Inc. v. Healy,* 197 Colo. 19, 21, 589 P.2d 490, 491 (1979). However, statutes are presumed to be constitutional and should be interpreted, when viable, in a constitutional manner. *See People in the Interest of C.M. and E.M.,* 630 P.2d 593 (Colo.1981). Applying these tests, we hold that section 22–63–116, C.R.S.1973, is constitutionally adequate and that the terms "incompetence" and "neglect of duty" are sufficiently precise that men of common intelligence would not have to guess at their meaning. *See People v. Weeks,* 197 Colo. 175, 591 P.2d 91 (1979); *Connally v. General Construction Co.,* 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed.2d 322 (1926). Competence indicates the ability to perform ably and above a minimum level of suffi-

ciency. *See generally* Webster's New International Dictionary 1258 (2nd ed. 1961). Therefore, incompetence indicates the inability to perform. Duty indicates those actions required by one's particular occupation. *Id.* at 802. In themselves, the terms are adequate to give warning as to prohibitions. As we have stated previously, an enumeration in the statute of specific examples of incompetence, is not required. *Blair v. Lovett,* 196 Colo. at 124 n. 14, 582 P.2d at 672 n. 14. Also, these terms are clearly capable of appropriate judicial review. *Ricci v. Davis, supra; Weissman v. Board of Education of Jefferson County, supra.*

## II.

■ The appellant argues that the statute was unconstitutionally and otherwise incorrectly applied to the facts. We find no merit in this contention. The findings of fact made by the hearing officer after the presentation of the evidence clearly describe actions on the part of the appellant which demonstrate "incompetency" and "neglect of duty" as a teacher. The statute was properly applied.

■ Appellant also alleges that her dismissal is violative of her First Amendment rights under the Constitution of the United States. Although there are certain First Amendment rights associated with teaching, no such rights are implicated in the case at hand. The cited cases of the appellant concern factual patterns where teachers were dismissed because of disagreements as to ideas, politics, and philosophies. The facts here do not relate in any way to a First Amendment fact pattern. *See, e.g., Sweezy v. State of New Hampshire,* 354 U.S. 234, 77 S.Ct. 1203, 1 L.Ed.2d 1311 (1957). This claim by the appellant is unsupported by the record and thus is devoid of any merit.

## III.

■ The appellant asserts that there is no substantial evidence in the record to support the findings of fact and that reversal of the order of dismissal is required because the hearing officer allowed certain hearsay testimony into evidence and utilized it in arriving at his findings of fact. We disagree.

More than fifteen witnesses were presented on behalf of the Board of Education at the hearing. The reporter's transcript of testimony is composed of four volumes, and the hearing extended over a period of four days. Even if some of the testimony might be classified as hearsay, most of the witnesses furnished eye witness accounts of incidents related in the findings of fact as to a number of the deficiencies, shortcomings, and neglected duties.

Generally, in a hearing of this nature, the rules of evidence are somewhat relaxed and certain hearsay testimony is allowed. *Cf. San Isabel Electric Association, Inc. v. Bramer,* 182 Colo. 15, 510 P.2d 438 (1973); *Johnson v. City Council for City of Glendale,* 42 Colo.App. 188, 595 P.2d 701 (1979); *Rocky Mountain Radiologists v. Department of Labor and Employment,* 39 Colo. App. 183, 562 P.2d 1123 (1977). Only when otherwise inadmissible hearsay evidence is the sole evidence relied upon by the fact finder is a reversal proper. *Cf. San Isabel Electric Association, Inc. v. Bramer, supra; Rocky Mountain Radiologists v. Department of Labor and Employment, supra.*

Our review of the record including the transcript of testimony indicates a sensitivity by the hearing officer about receiving certain hearsay. However, there was ample, direct and substantial evidence to support the 24 findings of fact made by the hearing officer.

The order of dismissal is affirmed.

ERICKSON, J., does not participate.