**Roger LOCKHART, Petitioner,**

v.

**The BOARD OF EDUCATION OF ARAP-AHOE COUNTY SCHOOL DISTRICT NO. 6, State of Colorado.**

**No. 80CA1191.**

Colorado Court of Appeals,
Div. I.

Feb. 24, 1983.

Rehearing Denied March 24, 1983.

Certiorari Granted Aug. 29, 1983.

Law Offices of Larry F. Hobbs, Larry F. Hobbs, William P. Bethke, Denver, for petitioner.

Banta, Hoyt, Malone & Banta, P.C., Eugene M. Sprague, William K. Malone, Stephen Everall, Englewood, for respondent.

BERMAN, Judge.

Petitioner seeks review of an order dismissing him from his position as a tenured teacher on grounds of insubordination. We reverse.

Petitioner, a psychology teacher at Heritage High School, refused to perform faculty hall supervision duties because he felt that it would "compromise [his] efforts to teach [his] classes in a democratic way." The principal thereafter suspended petitioner with pay, and recommended his dismissal to the school board. The board accepted for review charges against petitioner filed in accordance with § 22–63–117, C.R.S.1973.

An evidentiary proceeding was conducted before a hearing officer, as required by § 22–63–117(5), C.R.S.1973 (1982 Cum. Supp.). The hearing officer issued findings of fact and a recommendation that petitioner be dismissed as insubordinate.

The board called a special meeting to consider the hearing officer's report and recommendation. Present at the meeting were petitioner, petitioner's counsel, and the school board's attorney who had prosecuted petitioner's case before the hearing officer (prosecutor). After an abbreviated session, the board voted to accept the hearing officer's recommendation of dismissal.

Petitioner argues that the role played by the prosecutor at the board meeting prejudiced the board's decision in contravention of *Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976). We agree.

In *Weissman,* our Supreme Court cautioned that:

"[A] school board's attorney, who has taken part in the adversary proceedings in the role of prosecutor, should not be present during the board's deliberations .... In the future, counsel who has played such a role in the proceedings should take no part in the final deliberations of the board, in order to avoid any appearance of impropriety or unfairness."

Here, not only was the prosecutor present during the board's deliberations, but he also substantially influenced the decision of the board.

The prosecutor began the meeting with introductory remarks setting out what he considered to be the board's options:

"The Board at this time should make an order concerning the status of Mr. Lockhart [petitioner]. The statute provides that there are three alternatives that the board can take. The board can either dismiss the teacher, suspend the teacher for one year, or retain the teacher. If the Board determines to proceed against the recommendation of the hearing officer, the Board would have to make specific findings that the findings of fact and recommendation of the hearing officer are not supported by the record." [1]

The prosecutor also prepared "the appropriate form of resolution" which was submitted to the board. And, before reading the resolution, one of the board members asked the prosecutor whether it was necessary to "read this whole page." He advised them to do so.

But the most egregious invasion into the board's decision-making province is evidenced by the following exchange:

"[BOARD MEMBER]: Are you in a position to make a recommendation to the Board that the hearing officer's findings of fact correspond to the evidence that was offered at that hearing?

[PROSECUTOR]: Yes, I can make that recommendation. The findings of fact are supported by the record."

██ We recognize that the statute does not require the board to review the transcript, *see* § 22–63–117(10), C.R.S.1973 (1982 Cum.Supp.), but we also recognize that here, the transcript was available, and could have been requested, if necessary. If the board felt compelled to ask the above question, then rather than relying on the prosecuting attorney's verbal assurances that the evidence supported the findings, it should have conducted the "limited" review of the transcript permitted by *Ricci v. Davis,* 627 P.2d 1111 (Colo.1981). The prose-

1. We do not find it necessary to address the issue of the accuracy of the prosecutor's para-

phrasing of the statute because we are reversing the dismissal on other grounds.

cuting attorney was in an advantageous position to use his credibility to influence the board. This was especially true here since he played the dual role of prosecutor at the hearing level as well as that of the board's private counsel.

After the above exchange, petitioner's attorney interjected to speak briefly on petitioner's behalf. He was stopped by a board member, upon the prosecutor's recommendation that a statement by petitioner's counsel would be inappropriate. A board member then asked the prosecutor if his recommendation concerning the evidence still stood. He replied that it did, and a final vote was taken by the board.

 The prosecutor's extensive influence upon the board's deliberations resulted in just the due process violation the *Weissman* court sought to prevent. The "appearance of impropriety [and] unfairness" is vividly evidenced upon reviewing the transcript of the board meeting.

The order is reversed, and the cause is remanded to the respondent Board of Education with instructions to reinstate the petitioner in his former position and to award full back pay, including benefits. Section 22–63–117, C.R.S.1973.

COYTE and STERNBERG, JJ., concur.