BOARD OF EDUCATION OF ARAPA-
HOE COUNTY SCHOOL DISTRICT
NO. 6, State of Colorado, Petitioner,

v.

Roger LOCKHART, Respondent.

No. 83SC130.

Supreme Court of Colorado,
En Banc.

Sept. 10, 1984.

Rehearing Denied Oct. 9, 1984.

Banta, Hoyte, Banta, Greene, Hannen &
Everall, Stephen G. Everall, Englewood,
for petitioner.

Hobbs/Bethke & Associates, Larry F.
Hobbs, P.C., William P. Bethke, Denver,
for respondent.

QUINN, Justice.

We granted certiorari to review the deci-
sion of the court of appeals in *Lockhart v.
Board of Education of Arapahoe County
School District No. 6*, 668 P.2d 959 (Colo.
App.1983), which reversed the board of ed-
ucation's order dismissing Roger Lockhart
from his tenured teaching position on
grounds of insubordination. The court
held that the participation by the school
board's attorney in the board's deliberative
session resulted in a violation of Lockhart's
due process rights and remanded the case
to the board with instructions to reinstate
him to his former position with back pay.
Although we conclude that the board's or-
der of dismissal was invalid due to unfair
procedures employed by the board during
its deliberative session, we hold that rein-
statement with back pay is an unnecessari-
ly expansive remedy to cure the procedural
error that occurred during the board's de-

liberations. We therefore affirm in part, reverse in part, and remand the case with directions.

## I.

At the time of the events in question Lockhart was a tenured psychology teacher at Heritage High School in Littleton, Colorado. On February 25, 1980, after Lockhart had been temporarily suspended from his teaching position, the superintendent of the school district, acting pursuant to section 22–63–117 of the Teacher Employment, Dismissal, and Tenure Act of 1967 (Teacher Tenure Act), §§ 22–63–101 to 118, 9 C.R.S. (1973 and 1983 Supp.), filed with the board a written recommendation for Lockhart's dismissal due to his refusal to perform mandatory hall supervision duties at the school. The asserted grounds for the superintendent's recommendations were "incompetency, neglect of duty, insubordination, and other good and just cause for dismissal within the meaning of [§ 22–63–116, 9 C.R.S. (1973)]."

An evidentiary hearing was conducted before a hearing officer on October 6 and 8, 1980. During the hearing the school district was represented by its attorney, William Malone. After the conclusion of the hearing, the hearing officer issued written findings which included the following: that in February 1980 the principal of Heritage High School instituted a mandatory teacher hall supervision program and circulated a memorandum to all teachers about their responsibilities in administering the program; that Lockhart refused to participate in the program because of his belief that "such a role would be immoral, unethical, and a negation of his classroom teaching that students are responsible for their own behavior"; that Lockhart delivered a letter to the principal on February 22, 1980, stating that "after many, many hours of soul searching thought, I have decided that to perform hall duty as you desire is morally and ethically unacceptable to me and will compromise my efforts to teach my classes in a democratic way"; that on February 25, 1980, the principal gave a written warning to Lockhart that his "failure to assume his hall supervision duties would be considered an act of insubordination and might be considered grounds for dismissal"; that Lockhart refused to perform "his first hall supervision assignment which directed him to be on duty on Level 3, period #1, on February 25, 1980"; and that Lockhart "had notice of the specific assignment and his failure to perform was the result of his conscious decision not to do so." The hearing officer concluded that Lockhart's conduct constituted insubordination as charged, but that there was no evidence of incompetency or neglect of duty. It was the recommendation of the hearing officer that Lockhart be dismissed.

The members of the board met on November 3, 1980, to review the hearing officer's findings of fact and recommendation. Present at the board meeting were Lockhart and his attorney and the school board's attorney, William Malone, who had also prosecuted the matter for the school district at the evidentiary hearing. At the commencement of the meeting the board president asked the school board's attorney whether there was anything about which he needed to advise them. The attorney informed the president that the three alternatives available to the board were dismissal, retention, or suspension for one year,[1] and that he had prepared a resolution setting out these alternatives. One of the board members moved for approval of a resolution ordering Lockhart's dismissal, whereupon the following exchange took place:

---

1. The statement of the school district's attorney on the options available to the school board was partially in error. The statutory alternatives available to a school district do not include a one-year period of suspension, as stated by the school district's attorney. The statutory alternatives are dismissal, retention, or placement of the teacher on a one-year period of probation. § 22–63–117(10), 9 C.R.S. (1983 Supp.).

"Mr. Treece [Board Member]: I second the motion. I would like to ask if you were present, Bill [Malone] at this hearing?

Mr. Malone [School Board's Attorney]: Yes.

Mr. McClure [Board Member]: Are you in a position to make a recommendation to the Board that the hearing officer's findings of fact correspond to the evidence that was offered at the hearing?

Mr. Malone [School Board's Attorney]: Yes, I can make that recommendation. The findings of fact are supported by the record."

Lockhart's attorney at this point requested permission to make a brief statement to the board. A board member referred this request to Attorney Malone, who replied: "It is not appropriate to have this kind of hearing or further proceedings other than to consider the findings of fact and recommendation of the hearing officer and to take action on that." In the course of a brief discussion regarding the propriety of permitting a statement by Lockhart's counsel, the following occurred:

"Ms. Peterson [Board Member]: I will choose to interrupt at this point. I have said that we are not going to hear a statement on our lawyer's recommendation. Bill, does your recommendation still stand?

Mr. Malone [School Board's Attorney]: Yes, it does."

The board then voted unanimously to accept the findings and recommendation of the hearing officer and ordered Lockhart's dismissal.

Lockhart subsequently appealed the order of dismissal to the court of appeals. Relying on our decision in *Weissman v. Board of Education*, 190 Colo. 414, 547 P.2d 1267 (1976), the court of appeals reversed the order of dismissal, stating that "[t]he prosecutor's extensive influence upon the board's deliberations resulted in just the due process violation the *Weiss-*

*man* court sought to prevent." *Lockhart*, 668 P.2d at 961. The court of appeals remanded the case to the board with instructions to reinstate Lockhart to his former position with full back pay. We granted the board's petition for certiorari to consider whether the participation by the school district's attorney in the board's deliberative session violated Lockhart's right to due process of law, U.S. Const. amend. XIV; Colo. Const. art. II, § 25, and, if so, whether reinstatement with back pay is the appropriate remedy.

## II.

Turning first to the board's contention that Lockhart's due process rights were not implicated by the participation of the school district's attorney in the deliberative session of the board, we are satisfied that the conduct of the board in allowing its attorney to advise it on the state of the record violated basic standards of fairness in an administrative adjudication. We addressed a similar issue in *Weissman*, 190 Colo. 414, 547 P.2d 1267. Although in *Weissman* we upheld the school board's decision to dismiss a tenured teacher when the board permitted its attorney who had prosecuted the charges to attend its deliberative session, we expressly noted that the Teacher Tenure Act contemplates an impartial review by the board and stated:

"Courts which have considered the problem have suggested that a school board's attorney, who has taken part in the adversary proceedings in the role of prosecutor, should not be present during the board's deliberations. *Yuen v. Board of Education of School District No. U-46*, 77 Ill.App.2d 353, 222 N.E.2d 570; *Miller v. Board of Education of School District No. 132*, 51 Ill.App.2d 20, 200 N.E.2d 838; *State v. McPhee*, 6 Wis.2d 190, 94 N.W.2d 711. We agree. In the future, counsel who has played such a role in the proceedings should take no part in the final deliberations of the board, in order to avoid any appearance of impropriety or unfairness."

In *deKoevend v. Board of Education,* 688 P.2d 219 (Colo.1984) we recently applied *Weissman*'s prospective rule to reverse a board's dismissal order where the board invited the school superintendent and the school principal to attend its deliberative session. We stated in that case:

"Although the record does not show that these witnesses actually contributed to the final decision of the board, their presence during the board's deliberative session, at the very least, was such as to substantially undermine the appearance of impartiality in connection with the board's statutory review of the hearing officer's findings and recommendation and, under the particular circumstances of this case, was sufficient to overcome the presumption of regularity attendant to an administrative proceeding. We therefore hold that the presence of the school superintendent and principal during the deliberative process of the board violated deKoevend's due process rights to a fair and impartial determination by the board. [Citations omitted.]" 688 P.2d at 228.

█ We need not go so far as to hold that the conduct of the board in this case violated due process of law. A procedural error in the administrative process need not amount to a constitutional violation to be remediable on judicial review. We observed in *deKoevend* that "[s]ection 24–4–106(7), 10 C.R.S. (1973), of the State Administrative Procedure Act, which applies to judicial review of a school board's decision under the Teacher Tenure Act, § 22–63–117(11), 9 C.R.S. (1983 Supp.), expressly authorizes a remand of the case for further proceedings when, as here, the agency ac-

tion 'is not in accord with the procedures or procedural limitations of this article or as otherwise required by law.'" 688 P.2d at 229. It is sufficient for purposes of resolving the issue before us to hold, as we do, that the board's action in permitting a school district's attorney to be present during its deliberative session and to advise it on the state of the evidence presented to the hearing officer, while simultaneously refusing to entertain any statement from the teacher's attorney on the sufficiency of evidence, was clearly in violation of our admonition in *Weissman.* The conduct of the board in this respect was tantamount to permitting the school district's attorney to participate, unilaterally and to the exclusion of the teacher's attorney, in the deliberative process of the board—a procedure inimical to the appearance, if not the reality, of fairness. We therefore affirm that part of the court of appeals' judgment which invalidated the board's order of dismissal.

III.

█ We next consider whether the court of appeals correctly ordered the board to reinstate Lockhart with back pay. Addressing this issue in *deKoevend,* we held that where, as here, "a school board's order of dismissal is invalidated because of an error in procedure during the board's statutory review of the hearing officer's evidentiary findings and recommendation, ... the teacher is not entitled to automatic reinstatement to his former position with back pay, but rather to an administrative review by the board in accordance with proper procedure." 688 P.2d at 230. By a parity of reasoning, that same principle applies here.[2]

2. Because we are reversing the board's order of dismissal and are returning the case to the board for further review of the hearing officer's evidentiary findings and recommendation, we do not decide, in the event the board again orders dismissal, the extent to which Lockhart might be entitled to back pay under section 22–63–117(12), 9 C.R.S. (1973). This statute,

which was in effect during the period of the evidentiary hearing and board review, preserved the suspended teacher's right to back pay until such time as the final order of dismissal was entered by the board. The statute was amended in 1983 to preserve the suspended teacher's right to back pay only if the board orders the retention of the teacher. Ch. 232,

We affirm the judgment of the court of appeals insofar as it reversed the board's order of dismissal, but we reverse that part of the judgment ordering reinstatement and back pay, and we remand the case to the court of appeals with directions to return it to the board for further proceedings in accordance with the views herein expressed.

sec. 2, § 22–63–117(12), 1983 Colo.Sess.Laws 773, 776. As we observed in *deKoevend v. Board of Education,* 688 P.2d 219, 230 n. 7 (Colo.1984), "[d]epending on the board's review of this case on remand, the issue could conceivably be moot."