Henry T. MONDRAGON, Petitioner,

v.

The POUDRE SCHOOL DISTRICT R–1, Respondent.

No. 82CA0804.

Colorado Court of Appeals, Div. II.

Nov. 23, 1984.

Rehearing Denied Dec. 20, 1984.

Certiorari Denied April 1, 1985.

George C. Price, Aurora, for petitioner.

Harden, Schmidt & Hass, P.C., Ralph B. Harden, R. William Wawro, Fort Collins, for respondent.

BERMAN, Judge.

Henry T. Mondragon (teacher), was dismissed from his position as an elementary school teacher by defendant, Poudre School District R–1 (school board), pursuant to the Teacher Employment, Dismissal, and Tenure Act of 1967 (Teacher Tenure Act). The dismissal resulted from charges made by a student that the teacher had engaged in sexual relations with her over a period of two and one-half years. The teacher seeks review of the school board's decision. We affirm.

In May 1981, the student made allegations against the teacher to a church youth counselor with whom she had become acquainted. The student alleged that she had engaged in a sexual relationship with the teacher beginning in the summer of 1977 when she was 13 years old and ending on October 31, 1979. The church counselor related these charges to others, and after a police investigation, criminal charges were filed against the teacher. These charges were subsequently dismissed as being barred by the applicable statute of limitations.

During the criminal investigation and after initial statements had been given by the student to the detectives, she was placed under hypnosis on two occasions in June 1981. The purpose of these hypnotic sessions was to refresh her memory with respect to the date of one specific sexual act previously described, to present a more detailed description of the interior of the teacher's home, and to identify any distinguishing marks on the teacher's body. As a further part of this investigation, the teacher was administered a polygraph examination.

On November 9, 1981, the school board voted to accept the recommendation of the superintendent of schools to bring dismissal charges against the teacher. The statutory grounds for the dismissal charges were neglect of duty and immorality.

Pursuant to § 22–63–117, C.R.S. (1984 Cum.Supp.), of the Teacher Tenure Act, a hearing was held on April 12, 13, and 14,

1982, before a hearing officer from the department of administration. A transcript of the hearing, along with the hearing officer's findings of fact and recommendations were presented to the school board prior to its meeting on June 14, 1982. Both counsel for the teacher and counsel for the school board were present and were allowed to address the board. The board thereafter unanimously adopted the recommendations of the hearing officer and voted to dismiss the teacher.

## I.

The teacher first contends that the hearing officer erred in permitting the student to testify, arguing that as a result of her having been hypnotized, she was rendered incompetent to testify. We disagree.

In a criminal trial, the testimony of a witness questioned under hypnosis is *per se* inadmissible as to recollections of the witness from the time of the hypnotic session forward, prehypnotic statements which have "previously been unequivocally disclosed and reported by tape recording, video tape, or ... written statement" are admissible. *People v. Quintanar,* 659 P.2d 710 (Colo.App.1982); *People v. Rex,* 689 P.2d 669 (Colo.App.1984) (cert. denied September 24, 1984).

Under § 22–63–117(6), C.R.S. (1984 Cum. Supp.), the hearing officer in a teacher disciplinary hearing "may receive or reject evidence and testimony ... [and] may do all other acts normally performed by an administrative hearing officer." *See* § 24–4–105, C.R.S. (1982 Repl.Vol. 10) (duties and powers of administrative hearing officer).

Here, the hearing officer, acting pursuant to his statutory grant of authority, ruled that any statements made by the student during the hypnotic sessions would not be admitted into evidence, and that the hypnotist would not be allowed to testify as to what transpired during the hypnotic sessions. Moreover, the hearing officer, after questioning counsel for the school board as to the extent of the student's testimony, determined that the testimony in fact would be limited to her oral statements or disclosures made prior to hypnosis and that were not enhanced by the hypnotic process. We perceive no error in this ruling.

Although the student's prehypnotic oral statements had not been recorded by tape recording, video tape, or written statement, they were substantially corroborated by a number of witnesses to whom she had made disclosures prior to being hypnotized. The teacher entered a continuing objection to the corroborative testimony, arguing that it was hearsay. The school board responded contending that the corroborative statements were elicited not necessarily to prove the truth of the matter asserted but to prove the time frame within which the student's statements were made, and the fact that the student made the statements. The hearing officer overruled the objection. We agree with this ruling.

In a hearing of this nature, the rules of evidence are somewhat relaxed and hearsay testimony may be allowed. *Benke v. Neenan,* 658 P.2d 860 (Colo.1983); § 24–4–105(7), C.R.S. (1982 Repl.Vol. 10). Reversal is proper only if otherwise inadmissible hearsay is the sole evidence relied upon by the finder of fact. *Benke, supra.* A review of the record indicates that the hearing officer was interested in ascertaining all the relevant facts, and thus allowed the testimony concerning the student's prior statements. However, in addition to this testimony, there was the testimony of the student to support the findings of fact made by the hearing officer.

## II.

The teacher next contends that the hearing officer has the duty to report all facts to the school board, and that the findings of fact were not supported by the evidence. We disagree.

*Thompson v. Board of Education,* 668 P.2d 954 (Colo.App.1983) is dispositive of these issues. In *Thompson,* we held that the hearing officer's role is to make findings of basic or evidentiary facts upon

which the school board is to base its findings of ultimate fact. The hearing officer has the power to receive and weigh conflicting evidence, assess credibility, and draw factual inferences which are embodied in his findings of fact. To require that the findings present all the evidence contained in the record would subvert the role of the hearing officer. *Thompson, supra.*

■ Nor do we agree with the teacher's contention that the findings of fact are not supported by the evidence. The standard for judicial review under an administrative hearing is set forth in § 24–4–106(7), C.R.S. (1982 Repl.Vol. 10). Under that section, the hearing officer's findings of fact must be accepted unless, when the record is considered as a whole, they are clearly erroneous or unsupported by substantial evidence. *Thompson, supra.*

■ Here, the hearing officer's findings of fact reflect his assessment of the credibility of the witnesses and the weight of the evidence. The findings are supported by the record, are not clearly erroneous, and, therefore, will not be disturbed on review.

### III.

The teacher further contends that the statements made by the attorney for the school district to the school board prior to the vote to dismiss him were inappropriate and constitute reversible error. We disagree.

The hearing officer's findings of fact and recommendation were reviewed and acted upon at the school board's June 14, 1982, meeting. Counsel for the school board and counsel for the teacher were both present. Counsel for the teacher wanted to address the school board and was granted permission to do so by the board. He then proceeded to attack the findings of fact and recommendation of the hearing officer. At the conclusion of these statements, the attorney for the school board addressed the board to rebut the statements made by teacher's counsel. The school board's attorney did not, however, make any specific recommendations concerning the final determination to be made by the board.

■ The teacher argues that *Weissman v. Board of Education,* 190 Colo. 414, 547 P.2d 1267 (1976) prohibits the school board's attorney from making any remarks to the school board. *Weissman* is distinguishable. In *Weissman,* which involved the dismissal of a teacher under the Teacher Tenure Act, the school board permitted its attorney, who had represented the school district at the hearing, to retire in private with the school board during the board's deliberations. Although the board's decision was upheld, the Supreme Court admonished the board and counsel to refrain from such conduct in the future. Here, there was no unilateral exclusion of the teacher's attorney from the deliberative process of the board, and thus no impropriety or unfairness resulted from the statements made by the school board's attorney. *See Board of Education v. Lockhart,* 687 P.2d 1306 (Colo.1984).

### IV.

The teacher also argues that the admission into evidence of one of the school board's exhibits which contained a statement of the results of a polygraph examination conducted by the police department was improper and prejudicial. We do not agree.

■ This exhibit includes a copy of the letter written by the school superintendent to the school board recommending that the teacher be dismissed and was presented to the hearing officer to show that the school board had complied with the procedural requirements of § 22–63–117(2), C.R.S. There was no further evidence or testimony presented on the issue of the polygraph examination, and it was not mentioned in the hearing officer's findings of fact. Accordingly, it was not prejudicial.

### V.

■ The teacher's remaining contention that, as a result of hypnosis, the student was not available for cross-examination is

without merit. As we determined above, the student's testimony was admissible, and the record indicates that counsel for the teacher had the opportunity and did cross-examine the student with respect to her prehypnotic statements.

Order affirmed.

SMITH and VAN CISE, JJ., concur.