**Thomas HEYWOOD,
Plaintiff-Appellant,**

v.

**THOMPSON SCHOOL DISTRICT R2-J,
a public corporation,
Defendant-Appellee.**

No. 83CA1008.

Colorado Court of Appeals,
Div. II.

May 2, 1985.

Rehearing Denied June 20, 1985.

Hobbs/Bethke & Associates, Larry F. Hobbs, P.C., William P. Bethke, Denver, Colorado for plaintiff-appellant.

Caplan & Earnest, Gerald A. Caplan, Alexander Halpern, Boulder, Starr & Matsunaka, P.C., Randolph W. Starr, Loveland, for defendant-appellee.

KELLY, Judge.

Plaintiff, Thomas Heywood, appeals the trial court's dismissal of his 42 U.S.C. § 1983 action in which he alleged that the non-renewal of his teaching contract was in retaliation for activities protected by the First Amendment. Plaintiff, among other grounds for reversal, argues that the trial court applied the wrong standards in determining that his activities were not constitutionally protected. We affirm.

Plaintiff was a non-tenured part-time teacher for the school years 1978–79 and 1979–80 at an elementary school. During that time, plaintiff had several confrontations with the school's principal, Mr. Knight, concerning internal school administration issues. Plaintiff also alleges that Knight was antagonistic towards plaintiff's activity in a local teacher's union. The friction between Knight and Heywood culminated in Knight's recommendation to the superintendent of schools that Heywood's teaching contract should not be renewed. The superintendent of schools so recom-

mended to the Board of Education, and the Board accepted that recommendation.

At trial to a jury, the court granted defendant's motion to dismiss plaintiff's claim at the close of plaintiff's case. The trial court found that plaintiff did not present a prima facie case that his activity was either constitutionally protected or a motivating factor in the non-renewal of his contract.

## I.

■ Plaintiff argues that the trial court erred in applying *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983) which requires that certain freedom of expression activities must be matters of "public concern" to be protected activities. Alternatively, he argues that his activities were matters of "public concern" and therefore protected. These arguments are without merit.

In *Connick, supra,* the United States Supreme Court held that when a public employee speaks not as a citizen on matters of "public concern," but instead as an employee upon matters of personal interest, the activity is not constitutionally protected. Whether an employee's expression addresses a matter of public concern must be determined by content, form, and context. *Connick, supra.*

Here, the record indicates that most of the incidents involved relate to internal school matters. Knight requested that plaintiff make his bulletin board more attractive, and plaintiff replied that it was not a "priority" and ignored the request. Knight asked plaintiff to teach the rules of football to third graders to avoid rough play on the playground and plaintiff refused. Plaintiff had a continuing dispute with Knight over who was responsible for the removal of folding chairs in the gymnasium. And, plaintiff's private summer employment interfered with his attendance at school activities. The trial court correctly found that these activities are related to internal school administrative conflicts and plaintiff's reaction to authority. Such activities are not matters of "public concern"

and therefore are not protected under the First Amendment. *Connick, supra.*

## II.

In addition, plaintiff argues that certain of his activities were union activities and therefore constitutionally protected. However, this contention may not form a basis for reversal of the judgment as the trial court's ruling did not turn on whether the activities were constitutionally protected but rather on its determination that plaintiff had failed to show that these alleged union activities were a motivating factor in the decision not to renew his contract.

■ A non-tenured public school teacher does not have a right to annual renewal of his teaching contract. *Durango School District v. Thorpe,* 200 Colo. 268, 614 P.2d 880 (1980). Nonetheless, the board may not base its decision not to renew a teacher's contract on the exercise of constitutionally protected rights. *Durango, supra.* In determining whether the termination of a school teacher constitutes an unlawful retaliation for the exercise of First Amendment rights, the burden is on the plaintiff to show that his conduct was constitutionally protected and that it was a substantial or motivating factor in the employer's decision not to renew employment. *Durango, supra; see also Ward v. Industrial Commission,* 699 P.2d 960 (Colo. 1985).

■ Only two incidents potentially involve union activities. One such incident occurred when Knight distributed forms to the faculty for evaluation of his performance as principal. Plaintiff claimed that only the forms given to the members of the teacher's union had identifying marks on the back although the evaluation was intended to be anonymous. Perceiving that identifying marks would enlighten Knight about the views of individual teachers concerning Knight's performance, plaintiff secured the assistance of another teacher and they gathered and redistributed the evaluation forms. The evidence does not establish that the forms of the teacher's union members were in fact distinctively marked, and the forms themselves have no bearing on union activity.

As to the other incident, plaintiff testified that one day Knight observed him in a meeting with the teacher's union and later commented to plaintiff that he was receiving "bad counselling." The record does not show that Knight's comment was in reference to plaintiff's union activities.

Even if we assume that all of plaintiff's allegations are true, and assume that the two incidents concerned protected union activities, the evidence does not indicate that such activities were a substantial or motivating factor in the decision not to renew his contract.

Knight submitted a written recommendation for the non-renewal of plaintiff's contract along with the biannual teacher evaluations to the superintendent of schools for the district. The superintendent, in turn, made the same recommendation to the Board based on Knight's written recommendation and evaluations of plaintiff. The recommendation and evaluations contain no reference to plaintiff's involvement in a union but rather delineate specific reasons concerning internal school matters for Knight's recommendation. The superintendent relied on the written documentation and did not speak to Knight about plaintiff.

There is no evidence that the Board discussed the merits of the plaintiff's case before voting for non-renewal. Further, there is no evidence that Knight's recommendation was based on plaintiff's union activities, nor is there evidence that the superintendent or the Board members were aware of plaintiff's union membership. Hence, even if we view the evidence in the light most favorable to plaintiff, as we are required to do on a motion to dismiss at the conclusion of plaintiff's case, *Bald Eagle Mining & Refining Co. v. Brunton*, 165 Colo. 28, 437 P.2d 59 (1968), plaintiff did not present a prima facie showing that his union activities were a substantial or motivating factor in the non-renewal of his contract as required by *Durango, supra.*

Judgment affirmed.

BERMAN and VAN CISE, JJ., concur.