Roger LOCKHART, Petitioner,

v.

The BOARD OF EDUCATION OF
ARAPAHOE COUNTY SCHOOL
DISTRICT NO. 6, Respondent.

No. 85CA0041.

Colorado Court of Appeals,
Div. III.

Dec. 18, 1986.

Rehearing Denied Jan. 15, 1987.
Certiorari Denied (Board) April 6, 1987.

Hobbs/Bethke & Associates, Larry F. Hobbs, P.C., William P. Bethke, Vonda G. Hall, Denver, for petitioner.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Stephen G. Everall, Englewood, for respondent.

BABCOCK, Judge.

Petitioner, Roger Lockhart, seeks review of the order of respondent, Board of Education of Arapahoe County School District No. 6 (Board), dismissing him from his position as a tenured teacher. We affirm and remand with directions.

Petitioner, a tenured high school psychology teacher, refused to participate in faculty hall supervision duties, based on his conviction that hall duty was "morally and ethically unacceptable" and would "compromise [his] efforts to teach [his] classes in a democratic way" because it was "a negation of his classroom teaching that students are responsible for their own behavior." After petitioner refused and failed to perform hall duty as assigned, he was suspended.

The school district superintendent, acting pursuant to § 22–63–117, C.R.S., of the Teacher Employment, Dismissal, and Tenure Act of 1967, filed with the Board a written recommendation for petitioner's dismissal for insubordination. An evidentiary proceeding was conducted on October 6 and 8, 1980, before a hearing officer, who found in essence that petitioner had willfully failed and refused to obey the reasonable directions of his superiors and recommended his dismissal. The Board called a special meeting held on November 3, 1980, to review the hearing officer's report, at which it voted unanimously to accept the hearing officer's findings and recommendation. The Board then ordered petitioner dismissed.

Petitioner appealed, and the Board's initial order dismissing petitioner was reversed by this court for a procedural error which violated petitioner's due process rights. *See Lockhart v. Board of Education,* 668 P.2d 959 (Colo.App.1983). The Board was ordered to reinstate petitioner in his former position with full back pay. On certiorari review of that decision, the Supreme Court, in *Board of Education v. Lockhart,* 687 P.2d 1306 (Colo.1984), affirmed this court's invalidation of the Board's order of dismissal. However, it held that the Board had not violated due process; rather, it had only failed to comply with proper administrative procedure, and it remanded for further action by the Board in accordance with correct procedure.

Meanwhile, petitioner filed a separate action against the Board in United States District Court pursuant to 42 U.S.C. § 1983, alleging that the Board had infringed his First Amendment rights of academic freedom and his right to due process of law. In granting partial summary judgment for the Board, the federal court determined that petitioner's First Amendment rights had not been violated by the Board's action in dismissing him. *See Lockhart v. Arapahoe County School District No. 6,* Civ. No. 80–JM–1686 (D.Colo. Mar. 23, 1984) [Available on WESTLAW, DCT database].

The balance of petitioner's § 1983 due process claim was later dismissed as moot when our Supreme Court determined that his due process rights had not been violated by the Board's procedural error. *See Board of Education v. Lockhart, supra; Lockhart v. Arapahoe County School District No. 6,* Civ. No. 80–JM–1686 (D.Colo. Oct. 30, 1984).

On remand, at its December 11, 1984, meeting, the Board again considered the charges against petitioner and the hearing officer's findings and recommendation. Once again the Board unanimously voted to adopt the hearing officer's recommendation of dismissal, and ordered petitioner dismissed for insubordination, as provided by § 22–63–116, C.R.S. (1986 Cum.Supp.). From this order, petitioner now appeals.

## I.

■ Petitioner first contends that this court is without jurisdiction to review the Board's order since no final order was entered. We disagree.

Petitioner premises his argument that there was no final order on the Board's failure to resolve the issue of petitioner's back pay. However, the Board's failure to make this determination did not affect the finality of its order.

Although only final administrative actions are reviewable by this court, § 24-4-106(2), C.R.S. (1982 Repl. Vol. 10); *Lovett v. School District No. 1*, 33 Colo.App. 434, 523 P.2d 152 (1974), in cases arising under the Teacher Tenure Act, the final order subject to review under § 24-4-106 is the order of the board relative to retention, dismissal, or placement on probation as required by § 22-63-117(10), C.R.S. (1986 Cum.Supp.). *Snyder v. Jefferson County School District No. 1*, 707 P.2d 1049 (Colo. App.1985). Here, the written order dismissing petitioner was issued by the Board on December 11, 1984, pursuant to § 22-63-117(10) and is therefore final for purpose of review. *See Snyder v. Jefferson County School District No. 1, supra.* Thus, this court has jurisdiction to review that order. Section 24-4-106(2), C.R.S. (1982 Repl. Vol. 10); *see also* § 22-63-117(10) and (11), C.R.S. (1986 Cum.Supp.).

II.

Petitioner next contends his actions did not constitute insubordination as a matter of law. We disagree.

■ Insubordination is a statutory ground for dismissal of a tenured teacher. *See* § 22-63-116, C.R.S. (1986 Cum.Supp.). The determination whether a teacher has been insubordinate is one of ultimate fact, which is within the exclusive province of the board. *DeKoevend v. Board of Education*, 688 P.2d 219 (Colo.1984); *Thompson v. Board of Education*, 668 P.2d 954 (Colo.App.1983). Such findings will be sustained if supported by substantial evidence in the record and a reasonable basis in law. *Ricci v. Davis*, 627 P.2d 1111 (Colo.1981).

In *Thompson v. Board of Education, supra*, we defined insubordination as "a constant or continuing intentional refusal to obey a direct or implied order, reasonable in nature, and given by and with proper authority." We have more recently defined insubordination as "a willful failure or refusal to obey reasonable orders of a superior who is entitled to give such orders." *Ware v. Morgan County School District RE-3*, 719 P.2d 351 (Colo.App. 1985) (cert. granted, May 12, 1986).

■ The record supports the hearing officer's evidentiary finding that petitioner willfully refused to participate at any time in hall supervision duties when ordered to do so by his principal, whose directives in this matter were binding upon him. *See Thompson v. Board of Education, supra.* In light of the interest in maintaining discipline and order in public schools, we cannot say that the principal's order was unreasonable. Hence, we conclude that the Board's finding of ultimate fact that petitioner was insubordinate is supported by substantial evidence in the record and, therefore, must be sustained. *Ricci v. Davis, supra.*

■ Petitioner attempts to assert that his refusal to take part in hall duty cannot constitute insubordination because his action was protected by the right to academic freedom implicit within the First Amendment. However, this issue was resolved against him in the U.S. District Court, on the basis that his refusal to undertake hall duty did not rise to the level of a "public concern" that would constitute protected speech because of his status as a public employee. *Lockhart v. Arapahoe County School District No. 6*, Civ. No. 80-JM-1686 (D.Colo. Mar. 23, 1984). *See also Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Heywood v. Thompson School District R2-J*, 703 P.2d 1308 (Colo. App.1985). Because the parties to the former action were identical, and because there was a final judgment on the merits after petitioner had a full and fair opportunity to litigate this issue in the prior proceeding, petitioner is thus collaterally estopped from raising this issue here. *See People ex rel. Gallagher v. District Court*, 666 P.2d 550 (Colo.1983).

Petitioner also contends that his actions were protected by Colo. Const. art. II, § 10. Again, we disagree based on the following standards which we adopt as applicable under the Colorado Constitution.

■ While teachers may not constitutionally be compelled to relinquish the free speech rights they would otherwise enjoy as citizens to comment on matters of public

interest in connection with the operation of public schools in which they work, the state's interests as an employer in regulating its employees' conduct differ significantly from those it possesses in connection with regulation of speech in general. *See Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Durango School District No. 9–R v. Thorpe,* 200 Colo. 268, 614 P.2d 880 (1980). Such interests include the proper performance of a teacher's daily duties in the classroom and the freedom from interference with the regular operation of schools. *Pickering v. Board of Education, supra.*

■ Although a teacher's exercise of the constitutional right to speak on issues of public concern may not furnish the basis for dismissal from public employment, *Pickering v. Board of Education, supra; Durango School District No. 9–R v. Thorpe, supra,* if a teacher speaks not upon matters of public importance, but rather as an employee upon matters of personal interest, such speech is not entitled to the same level of constitutional protection accorded to speech addressing matters of public concern. *Connick v. Myers, supra.* Speech on matters purely internal to public employment falls under this lessened standard of protection. *Connick v. Myers, supra; Heywood v. Thompson School District R2–J, supra.*

■ This limited constitutional interest does not require a school board, as employer, to tolerate action it reasonably believes would disrupt the school and undermine its authority, *Connick v. Myers, supra,* or would constitute substantial interference with the teaching program, appropriate discipline, or the rights of others. *Durango School District No. 9–R v. Thorpe, supra.* A teacher bears the burden to establish that the activities for which he was disciplined were constitutionally protected. *Hadley v. Moffat County School District RE–1,* 681 P.2d 938 (Colo.1984).

■ Thus, we must determine whether petitioner's conduct in refusing the assignment of hall duty, based upon sincerely held personal convictions, comes within the rubric of public concern so as to be entitled to constitutional protection. We hold that it does not.

Petitioner asserts that his refusal to perform hall duty stemmed from his belief that such performance would nullify his teaching precepts in the classroom, and that to require hall duty would force him to espouse beliefs he does not hold. However, we cannot conclude that such conduct implicates matters of public concern; rather, it pertains merely to matters purely internal to his employment, *i.e.,* the maintenance of order in the halls. *Cf. Heywood v. Thompson School District R2–J, supra.*

We conclude that petitioner has not sustained his burden to prove that his conduct was constitutionally protected expression by a public employee on a matter of public concern. *See Connick v. Myers, supra; Heywood v. Thompson School District R2–J, supra.* Consequently, we need not apply the "balancing test" of *Pickering v. Board of Education, supra,* to the circumstances here, viz, weighing the interests of the teacher, as a citizen, in commenting upon matters of public concern against the interest of the state, as an employer, in promoting the efficiency of public services it performs through its employees. Accordingly, the Board's dismissal of petitioner for his refusal to perform hall duty did not violate his right to free speech or academic freedom under Colo. Const. art II, § 10.

■ Petitioner's contention that his dismissal violated his academic freedom under the Teacher Tenure Act is also without merit. That Act does not create any additional substantive rights of academic freedom, but merely establishes procedural protections of such rights already implicit in the constitution. *See* § 22–63–101, et seq., C.R.S.; *Lovett v. Blair,* 39 Colo.App. 512, 571 P.2d 731 (1977), *aff'd,* 196 Colo. 118, 582 P.2d 668 (1978).

### III.

Petitioner next contends that the Board erred in failing to address the issue of the amount of back pay to which he is entitled. We agree.

Section 22–63–117(12), C.R.S., provided, at the time of petitioner's first dismissal hearing: "If the board orders the dismissal of the teacher, the teacher's compensation shall be suspended as of the date of such dismissal but in no event earlier than the date of the order."

This language leaves no room for discretion on the Board's part as to when a teacher's pay is to be suspended. *Harvey v. Jefferson County School District No. R–1,* 710 P.2d 1103 (Colo.1985). As the *Harvey* court stated:

"Regardless of the reasons for the delay in petitioner's dismissal proceedings, the General Assembly in section 22–63–117(12) unambiguously provided that a tenured teacher who is the object of a dismissal proceeding must be paid his or her salary until such date as the Board finally enters an order of dismissal."

*See Board of Education v. Lockhart, supra.* Therefore, although the 1980 order was final for purpose of review, because no order was entered in this case which was sustained on review until December 11, 1984, petitioner's pay was not suspended until that date.

However, we must consider the effect of amendments to the Tenure Act that became effective July 1, 1983. *See* Colo.Sess. Laws 1983, ch. 232, § 2. There, the provision concerning the accrual of salary during suspension was substantially changed to apply only to teachers who were ultimately retained. *See* § 22–63–117(12), C.R.S. (1986 Cum.Supp.). Also, a new provision was added to the statute which states, in pertinent part:

"A tenure teacher shall continue to receive regular compensation from the time such teacher is suspended until a decision is rendered by the board of education pursuant to this subsection (3) or subsection (10) of this section; except that in no event shall compensation continue beyond one hundred twenty days after charges have been accepted by the board for review." Section 22–63–117(3), C.R.S. (1986 Cum.Supp.).

The issue thus becomes what effect, if any, the 1983 amendments had on petitioner's entitlement to back pay and benefits.

A statute is presumed to be prospective in its operation. *Exotic Coins, Inc. v. Beacom,* 699 P.2d 930 (Colo.1985); § 2–4–202, C.R.S. (1980 Repl. Vol. 1B). Colo. Const. art II, § 11, proscribes the passage of statutes that are retrospective in operation, and laws may not be retrospectively applied so as to impair a substantive and vested right. *Taylor v. Public Employees' Retirement Ass'n,* 189 Colo. 486, 542 P.2d 383 (1975).

The Teacher Tenure Act creates, by law, a contract between the Board and its teachers. *Ebke v. Julesburg School District No. RE–1,* 622 P.2d 95 (Colo.App.1980). Tenure, and the right to compensation which accompanies it, rises to the level of a constitutionally protected interest. *See Howell v. Woodlin School District R–104,* 198 Colo. 40, 596 P.2d 56 (1979). It is therefore a vested and substantive right which cannot be impaired by the retrospective application of a statute.

Moreover, repealed statutory provisions remain in force insofar as pending actions, suits, proceedings, or prosecutions are concerned. *City of Westminster v. Hyland Hills Metropolitan Park & Recreation District,* 190 Colo. 558, 550 P.2d 337 (1976). Thus, since this action remained pending under the provisions of the former statute until December 11, 1984, that statute remains applicable to fix petitioner's right to compensation.

Because the Board failed to determine the amount of compensation to which petitioner is entitled, the cause is remanded to it for a determination under § 22–63–117(12), C.R.S., of petitioner's compensation as a tenured teacher from the date of his initial suspension in 1980 until the date of the final order of dismissal, December 11, 1984.

The order of the Board of Education dismissing petitioner for insubordination is affirmed; however, the cause is remanded to the Board for determination of the

amount of back pay to which petitioner is entitled.

VAN CISE and METZGER, JJ., concur.