**Frederick GILBERT**

v.

**SCHOOL DISTRICT NO. 50, ADAMS COUNTY, and Bruce Grauberger, Marion L. Smith, Robert J. Landgraf, William Asper, and Karen Scheuerman, Individually and in their official capacities as members of the Board of Education of School District No. 50, Adams County, and Ali Joseph, Michael Massarotti, Ace Ballard, George Schweigert, and Pete Golden, Individually and in their official capacities as administrators of School District No. 50, Adams County, and William Pehr, Individually and in his official capacity as school attorney, School District No. 50, Adams County.**

**Civ. A. No. 79–K–708.**

United States District Court,
D. Colorado.

March 4, 1980.

Larry F. Hobbs, Denver, Colo., for plaintiff.

Benjamin L. Craig, Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This civil rights action was brought pursuant to 42 U.S.C. § 1983 by a tenured teacher alleging that the school district and school officials deprived him of due process rights under the Fourteenth Amendment to the United States Constitution by dismiss-

ing him without prior notice and pre-termination hearing. Defendants have moved to dismiss on jurisdictional grounds and on grounds that the complaint fails to state a claim upon which relief can be granted.

Jurisdiction is proper under 28 U.S.C. § 1331 and § 1343. Defendants urge this court to decline to exercise jurisdiction because 1) the plaintiff has sought judicial review in state court and is barred by *res judicata* from federal relief, and 2) the plaintiff's claim is a matter of state law since the state statute which creates his property interest (C.R.S.1973 § 22–63–101 *et seq.*) also defines the procedures for teacher dismissal.

■ Defendants' first contention is insufficient to support dismissal of this action. It is well settled that, where state and federal courts have concurrent jurisdiction, as they do under 42 U.S.C. § 1983, *in personam* actions involving similar issues may proceed simultaneously in both forums. *Colorado River Water Conser. Dist. v. U. S.,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Miller v. Miller,* 423 F.2d 145 (10th Cir. 1970); *Hyde Construction Co. v. Koehring,* 388 F.2d 501 (10th Cir. 1968), *cert. denied* 391 U.S. 905, 88 S.Ct. 1654, 20 L.Ed.2d 419. If judgment is first obtained in the state court, the federal court must then determine whether principles of *res judicata* operate to bar further proceedings. *Miller v. Miller, supra.* Defendants have failed to plead and prove that a judgment has been obtained in plaintiff's state action, and the mere possibility of such judgment does not oust the jurisdiction of this court.

■ Further, it is not necessary for plaintiff to await disposition of his state action. Exhaustion of state judicial remedies is not required prior to the initiation of an action based upon 42 U.S.C. § 1983. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), *overruled in part, Monell v. Dept. of Soc. Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *McNeese v. Bd. of Education,* 373 U.S. 668, 82 S.Ct. 1433, 10 L.Ed.2d 622 (1963); *Gillette v. McNichols,* 517 F.2d 888 (10th Cir. 1975). In some cases, exhaustion of state remedies has been required where a state administrative procedure was designed to forestall the deprivation of rights rather than merely provide a remedy. *See Whitner v. Davis,* 410 F.2d 24 (9th Cir. 1969). The Colorado statute provides an administrative procedure including judicial review of the order of the board of education. It is clear from an examination of C.R.S.1973 § 22–63–117 and C.R.S.1973 § 24–4–106 that the judicial review merely provides a remedy for wrongful state agency action. In exceptional cases the state court may postpone the effective date of the agency action. A stay order might change the characterization of the court proceeding, but since there is no evidence that a stay was granted by the state court in plaintiff's action, the state proceeding is viewed as remedial and exhaustion is not required.

Defendants cite *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), in support of their second contention, but their reliance is misplaced. In *Arnett,* the plaintiff challenged the constitutionality of the dismissal procedures provided by the Lloyd-La Follette Act. The Court considered whether the Act gave a nonprobationary federal employee a property interest worthy of the protection of the Fourteenth Amendment. It was determined that the grant of an expectancy of continued employment was limited by the procedures which were inextricably intertwined with the grant. The employee was given an opportunity to be heard, but he declined to follow the procedures. The plaintiff in this case does not challenge the statute but claims that he was deprived of the opportunity to follow the procedures.

■ Defendants argue that the dismissal procedures are a matter of state law, and this contention raises the issue of whether abstention is appropriate in this case. The doctrine of abstention is proper only in a narrow range of exceptional circumstances, *Colorado River Water Conser. Dist. v. U. S., supra; Kusper v. Pontikes,* 414 U.S. 51, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973); *Lake Carrier's Ass'n v. MacMullan,* 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257

(1972), and the doctrine is particularly disfavored where civil rights are concerned. *See Canton v. Spokane School Dist. # 81,* 498 F.2d 840 (9th Cir. 1974); *Devlin v. Sosbe,* 465 F.2d 169 (7th Cir. 1972); *Moreno v. Henckel,* 431 F.2d 1299 (5th Cir. 1970).

Abstention is proper in cases presenting federal constitutional issues which may be mooted or presented in a different posture because of a state court interpretation of uncertain state law. *Colorado River Water Conser. Dist. v. U. S., supra; Boehning v. Indiana State Employees Ass'n,* 423 U.S. 6, 96 S.Ct. 168, 46 L.Ed.2d 148 (1975); *Reetz v. Bozanich,* 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970); *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The *Pullman* doctrine requires that there be an issue of unclear and unsettled state law, and it is primarily used where the constitutionality of a state statute is challenged. The Colorado statute involved in this case is not unclear or unsettled, nor is it susceptible to a reading which would change the issue.

Abstention is also appropriate where federal intervention would disrupt complex regulatory schemes set up by the state to implement its policies in matters of public concern. *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *See Alabama Pub. Serv. Comm'n v. Southern R. Co.,* 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002 (1951). The purpose of the *Burford* doctrine is to avoid interference with matters of sensitive local importance, especially where the special expertise of an agency is involved. This action does not seek an injunction, nor does it require interference with an administrative regulatory system. As above stated, the pending state action is remedial in nature.

Finally, the third abstention doctrine, exemplified by *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), does not apply. Plaintiff here is not a defendant in a state enforcement action who is seeking to enjoin those state proceedings.

In summary, I find that this case does not present an occasion for abstention, nor do the doctrines of *res judicata* or exhaustion of remedies require dismissal.

In view of the above, it becomes necessary to address the issue of whether the complaint fails to state a claim upon which relief can be granted as against the individuals named. The individual defendants, sued in both individual and official capacities, are the members of the school board, certain school administrators, and the school district attorney. The complaint alleges that each defendant, acting under color of state law, participated in the deprivation of plaintiff's due process rights and acted with wanton and reckless disregard of plaintiff's constitutional rights.

■ Defendants argue that the named individuals cannot be liable under 42 U.S.C. § 1983 because they were without power to dismiss plaintiff because that power is granted by Colorado law to the board of education acting in its official capacity. It is settled that the members of the board may be liable in their official capacities under § 1983. *Monell v. Dept. of Social Services of City of N.Y.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As individuals, they are liable if they knew or reasonably should have known that their actions would violate the constitutional rights of the person affected *or* if they acted with malicious intention or impermissible motivation *or* with such disregard of constitutional rights that their actions were not in good faith. *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975); *Bertot v. School District No. 1, Albany Cty., Wyo.,* 522 F.2d 1171 (10th Cir. 1975) (extending the *Wood* test to teacher dismissal cases). The same qualified immunity based upon good faith has been extended to school administrators who lacked actual power to dismiss teachers but who influenced the decision by their recommendations or other actions. *Simineo v. School Dist. No. 16, Park Cty., Wyo.,* 594 F.2d 1353 (10th Cir. 1979); *Prebble v. Brodrick,* 535 F.2d 605 (10th Cir. 1976); *Smith v. Losee,* 485 F.2d 334 (10th Cir. 1973), *cert. denied* 417 U.S. 908, 94 S.Ct. 2604, 41 L.Ed.2d 212.

 
Defendant William Pehr, the school district attorney, contends that he is immune from liability under § 1983. While it is true that prosecutors, public defenders and other attorneys are absolutely immune for their activities inextricably connected with the judicial process, a line has been drawn between the prosecutorial function and other functions of the attorney. *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Sprague v. Fitzpatrick,* 546 F.2d 560 (3d Cir. 1976), *cert. denied* 431 U.S. 937, 97 S.Ct. 2649, 53 L.Ed.2d 255 (1977). Qualified immunity, rather than absolute immunity, was extended to a city attorney who gave advice in connection with the discharge of a public employee in *Donovan v. Reinbold,* 433 F.2d 738 (9th Cir. 1970). The court emphasized that:

> The purpose of according judicial immunity is to protect the integrity of the judicial process. It is not to shield lawyers or judges from liability for the invasion of another's federally secured constitutional rights, when the alleged invasion did not occur during the performance of acts that are an integral part of the judicial process.

*Donovan v. Reinbold,* 433 F.2d at 743.

Although plaintiff does not specify the acts of the attorney upon which his alleged liability is based, absolute immunity cannot be given to the defendant Pehr in the absence of evidence that his acts were inextricably involved in the judicial process.

A complaint under the Civil Rights Act should not be dismissed unless it clearly appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Kennedy v. Meacham,* 540 F.2d 1057 (10th Cir. 1976); *Gregory v. Wyse,* 512 F.2d 378 (10th Cir. 1975). Plaintiff has alleged that each defendant participated in his dismissal, with reckless disregard of his rights. As to the named individuals, however, more specificity is required. *See, e. g., Schweiker v. Gordon,* 442 F.Supp. 1134 (E.D.Pa.1977); *Bergman v. Stein,* 404 F.Supp. 287 (S.D.N.Y.1975). Information regarding the official capacities of the administrators and the

specific acts of each defendant should be pled. While it is generally true that the rules of civil procedure do not require exactitude in pleading claims for relief, greater particularity and precision are required in civil rights cases than in those civil cases which do not involve specific rights expressed as matters of constitutional doctrine. Accordingly,

IT IS ORDERED that the claims against the named individuals be and hereby are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff shall have twenty days from the date of this order to file an amended complaint in conformance with the views expressed herein and that defendants shall have twenty days from receipt thereof to respond. Absent such amended complaint, defendants shall be dismissed from this action upon request.