Patricia MABRY, Plaintiff,

v.

The STATE BOARD FOR COMMUNITY COLLEGES AND OCCUPATIONAL EDUCATION, and Gordon Dickinson, Ross Forney, Angelo Daurio, Dr. Elinor Greenberg, Thomas Grimshaw, Raymond Guerrie, Isaiah Kelley, Jr., Fred Valdez, Sr., Raymond Wilder, all members of the State Board for Community Colleges and Occupational Education, and Thomas Sullivan, President of Trinidad State Junior College, Defendants.

Civ. A. No. 83–K–852.

United States District Court,
D. Colorado.

Nov. 20, 1984.

---

Larry F. Hobbs, and Vonda G. Hall, Hobbs/Bethke and Associates, Denver, Colo., for plaintiff.

Daniel R. Satriana, Jr., Bruce M. Pech, Asst. Atty. Gen., Human Resources Section, Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This civil rights action was brought alleging violation of 42 U.S.C. § 2000e–2(a), 20 U.S.C. § 1681, and 42 U.S.C. § 1983. Plaintiff complains that she was terminated from her employment as a physical education professor at Trinidad State Junior College based on her sex and/or her parental or marital status. She seeks damages, reinstatement with back pay and benefits, attorney fees and costs pursuant to 42 U.S.C. §§ 1988 and 2000e–5(k). This court has jurisdiction under 28 U.S.C. § 1331 and 1343, and 42 U.S.C. § 2000e–5(f)(3).

Mabry was employed at Trinidad in the physical education department from the academic years 1974–75 through 1981–82. She also taught courses in speech and health.

In December 1981 plaintiff received notice from the college that she was being terminated due to a reduction in force requirement. A lack of work and program changes were the reasons given for Mabry's termination. Mabry complains that during her tenure at the college, she was subjected to sexual-based discrimination because of the nature and quality of the facilities. She also contends that one of the reasons for her termination was that the two remaining physical education instructors were males.

Mabry has pursued administrative remedies and has received a notice of right to sue from the Equal Employment Opportunity Commission on February 26, 1983. Defendants assert that Mabry was terminated but on justifiable grounds.

The initial determination to terminate Mabry was made by Thomas W. Sullivan, the college president. After receiving notice of her termination, Mabry requested a hearing. Evidently, a hearing was conducted by the Campus Hearing Committee. Its finding was adverse to Sullivan's position. Sullivan then requested a hearing before a hearing officer. That hearing was conducted April 7 to 9, 1982.

The hearing officer upheld Sullivan's decision to terminate Mabry. The State Board for Community Colleges and Occupational Education, defendants herein, reviewed the hearing officer's findings and conclusions and heard oral argument from counsel. The board issued an order August 11, 1982 affirming the hearing officer. Sullivan is also a named defendant.

In this partial summary judgment motion, defendants argue two points: (1) that the board members were acting solely within judicial capacity with respect to their actions concerning Mabry's termination; and (2) Mabry's claims under Title IX and § 1983 should be dismissed because the subjects that Mabry taught were not federally funded, and therefore are not actionable.

Rule 56 F.R.Civ.P. permits the entry of summary judgment on a claim when there is no genuine issue of material fact outstanding. *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Luckett v. Bethlehem Steel Corporation*, 618 F.2d 1373, 1377, 1383 (10th Cir.1980). As a matter of law, the movant must show entitlement to summary disposition beyond all reasonable

doubt. *Norton v. Liddel,* 620 F.2d 1375, 1381 (10th Cir.1980).

In order to determine the propriety of summary judgment I must construe all pleadings, affidavits, and depositions liberally in favor of the party against whom the motion is made. *Id.* Summary judgment is not a substitute trial by affidavit. *Ando v. Great Western Sugar Company,* 475 F.2d 531, 535 (10th Cir.1973). No margin exists for disposition of factual issues, nor does summary judgment serve as a substitute for trial when there are disputed facts, *Commercial Iron & Metal Company v. Bache & Company, Inc.,* 478 F.2d 39, 41 (10th Cir.1973). Where different inferences can be drawn from conflicting affidavits, depositions and pleadings, summary judgment should not be granted. *United States v. Diebold, Inc.,* 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Romero v. Union Pacific Railroad,* 615 F.2d 1303, 1309 (10th Cir.1980).

### IMMUNITY FROM SUIT

Defendants argue that they were acting in a judicial capacity pursuant to their statutory duties and are thus immune from suit. Mabry argues that the actions defendants took with respect to the termination of Mabry were not judicial; that only the hearing officer's actions could be considered as judicial in nature.

The facts underlying the immunity issue are not disputed. I must determine, as a matter of law, whether defendants were shielded by immunity and, if so, was that privilege vitiated.

There is ample authority in this Circuit to guide me in the resolution of this question of law. In *Gilbert v. School District No. 50 Adams County,* 485 F.Supp. 505, 508–9 (Colo.1980), a teacher brought a civil rights action alleging deprivation of due process by school officials and the district. I held in *Gilbert, supra,* that the school board may be liable in its official capacity; and that the individual members could be liable if they knew or reasonably should have known their actions would be violative of the constitutional rights of the person affected, or if they acted with malicious intention, or impermissible motivation or with such disregard of constitutional rights that their actions were not in good faith. This qualified immunity doctrine was articulated in *Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975), and has been applied in this circuit. For example, in *Prebble v. Brodrick,* 535 F.2d 605, 612 (10th Cir.1976), qualified immunity was extended to school officials making decisions on nonrenewal of employment or discharge of instructors. Similarly, in *Bertot v. School District No. 1 Albany, Wyoming,* 522 F.2d 1171, 1185 (10th Cir.1975), qualified immunity under *Wood* applied. I find and conclude that the *Wood* test for qualified immunity applies to the facts in this case since defendants' actions were quasi-judicial. In *Van Pelt v. State Board of Community Colleges,* 195 Colo. 316, 320 (Colo.1978), the Colorado Supreme Court held that where the action taken by school officials (State Board) involves the exercise of discretion and requires notice and hearing, as in this instance, the action is characterized as quasi-judicial. *Id.* All that remains for me to consider is whether defendants' protection under the *Wood* qualified immunity doctrine was vitiated; that essentially, whether the board knew or reasonably should have known that their actions with regard to Mabry's termination would be violative of her constitutional rights, or whether they acted with improper motivation or with malice.

The record in this case is neither complicated nor voluminous. There is an orderly presentation of the facts and issues. Each of the defendant board members has submitted an affidavit stating that he or she did not have any involvement in the preliminary decision to terminate Mabry; that it was their function as board members to hear Mabry's appeal from the hearing officer's initial decision upholding Mabry's termination; that the board members concurred with the hearing officer's decision based upon a review of briefs that were submitted by both sides and formal

oral argument. Thus, there is no evidence that the board acted improperly with respect to Mabry's termination. Therefore, the qualified immunity of defendants was not vitiated. Their actions were entirely consistent with their statutory duties as members of the board. Summary judgment is granted in favor of defendants on this issue.

### FEDERAL FINANCIAL ASSISTANCE

Plaintiff alleges that defendants have violated the Education Amendments of 1972 and its implementing regulations by terminating Mabry on the basis of her parental or marital status and/or her sex. *See* Education Amendments of 1972, 86 Stat. 373, as amended, 88 Stat. 1862 (1974), 90 Stat. 2234 (1976), 20 U.S.C. § 1681 *et seq.* (Title IX). The Department of Education promulgated regulations which prohibit federally funded education programs from discriminating on the basis of gender with respect to employment. Any education program or activity that receives Federal financial assistance or benefits from the assistance is subject to the Department's regulations.

Defendants argue that Mabry's claim of sex discrimination under Title IX is not actionable under the facts of this case because the instructional program areas in which Mabry taught (physical education, speech, and health) were not education programs or activities that received federal financial assistance within the meaning of Title IX (20 U.S.C. §§ 1681 and 1682). Title 20 U.S.C. § 1681 in relevant part states the following:

§ 1681, Prohibition against sex discrimination—Exceptions

(a) No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance ....

The U.S. Supreme Court has declared that the anti-discrimination provision of § 1681 is program-specific in character; that coverage of Title IX is limited to a particular entity and program receiving federal financial assistance. *See North Haven Board of Education v. Bell*, 456 U.S. 512, 535–39, 102 S.Ct. 1912, 1926–27, 72 L.Ed.2d 299, 317–19 (1982). In *North Haven, supra,* petitioners disputed the department's authority to regulate any employment practices. The Supreme Court held that employment practices could be regulated if the employees directly participated in federal programs or directly benefited from federal grants, loans, or contracts. The Court, however, declined to define "program" within the meaning of Title IX.

Mabry's argument rests on the inference that, because physical education classes and other classes she taught were part of the core requirements for all persons receiving degrees in the programs that were benefited by federal financial assistance, coverage under Title IX should be extended to this case.

In *Grove City v. Bell*, —— U.S. ——, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984), it was held that Title IX coverage was not foreclosed simply because federal funds are granted to students rather than to the college's education programs; but the Court also held that institution wide coverage of Title IX was not triggered because some students at the college received federal financial assistance through Basic Education Opportunity Grants. *Id.* —— U.S. at ——, 104 S.Ct. at 1216. *Grove City, supra,* stands for the proposition that the purpose and effect of the assistance the students received through grants inured to Grove City College's financial aid program; that it was the financial aid program itself that came within the purview of Title IX.

While *Grove City* was an action that primarily dealt with compliance regulations under Title IX, it is useful here with respect to the statute's reach. Justice White limited the application of Title IX coverage to the financial aid program only, notwithstanding its obvious interrelationship with the entire educational institution, although the opinion did not touch upon that issue.

Defendants have submitted the affidavit of John Tarabino, dean of administration at Trinidad State Junior College. Tarabino held that position at the time relevant to this complaint. He is the chief financial officer and is responsible for the college's business operation and budget. He states that during the period between January 1, 1981 through August 11, 1982 no unrestricted federal financial assistance was received by the college or through the board; that no federal financial assistance was received by the college or through the board that was specifically designated for, or allocated to, the physical education or language instructional program areas or the Standard Red Cross First Aid and Personal Safety course at Trinidad; that the college did receive federal financial assistance in other education program areas, but that the assistance received was not used to pay the salaries of instructors employed within the program areas in which Mabry taught.

Mabry's affidavit states in part that she was last employed in the 1981–82 academic school year at Trinidad; that during that year she taught physical education courses, public speaking, and first aid.

For me to find institution wide coverage, I would have to ignore the plain meaning of §§ 1681 and 1682, its program-specific character, and the judicial determinations articulated in *North Haven* and *Grove City*.

### THE § 1983 CLAIM

Defendants seek summary judgment of dismissal of Mabry's 42 U.S.C. § 1983 claim, but advanced an insubstantial argument to support that desired result. However, I am convinced that Mabry, had she been able to prevail on her Title IX claim against the individual members of the board, would have had full redress to her grievances. That is to say that her remedies under Title IX would have been comprehensive and adequate had the facts been on her side. *See Cannon v. University of Chicago*, 441 U.S. 677, 703, 704, 709, 717, 99 S.Ct. 1946, 1960, 1961, 1964, 1968, 60

L.Ed.2d 560 (1979). When remedial devices provided in a particular Act are sufficiently comprehensive, they suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983. *See Middlesex County Sewerage Authority v. National Sea Clammers Association*, 453 U.S. 1, 20, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981). Therefore, it is

ORDERED that defendants' motion for partial summary judgment for dismissal of plaintiff's 20 U.S.C. § 1681 and its implementing regulations, and 42 U.S.C. § 1983 claims is granted as to the individual members of the State Board of Community Colleges and Occupational Education.