Sander TALBOT, Plaintiff-Appellant,

v.

SCHOOL DISTRICT NO. 1, DENVER, Colorado, and the Board of Education of School District No. 1, Defendants-Appellees.

No. 83CA0636.

Colorado Court of Appeals,
Div. II.

Dec. 20, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Denied June 10, 1985.

Hobbs/Bethke & Associates, Larry F. Hobbs, William P. Bethke, Denver, for plaintiff-appellant.

Cooper & Kelley, P.C., Susan R. Roberts, Elizabeth A. Starrs, Richard Cashette, Denver, for defendants-appellees.

STERNBERG, Judge.

The plaintiff, Sander Talbot, filed an action in district court for relief from his termination of employment as a tenured teacher by Denver School District No. 1. The district court dismissed the action for lack of jurisdiction after concluding that jurisdiction was in the Colorado Court of Appeals pursuant to § 22–63–117(11), C.R.S. (1984 Cum.Supp.) of the Teacher Tenure Act, §§ 22–63–101, et seq., C.R.S. We dismiss in part, reverse in part, and remand the case with directions.

From the sparse record in this case, it appears that Talbot was a tenured teacher who was absent from his duties, without permission, beginning sometime in the spring of 1982 and continuing through September 16, 1982. Talbot alleges that his absence was a result of a temporary disability which rendered him incapable of voluntary, knowing relinquishment of any legal right. The Board of Education of the District took action to terminate Talbot's employment by approving a notation in plaintiff's personnel folder that plaintiff had left without formal resignation. It is undisputed that no hearings or other proceedings pursuant to § 22–63–117 were held, although Talbot alleges that, through his counsel, he requested a hearing following his termination.

Talbot did not pursue the action further until February 1983, when a complaint was filed in district court requesting relief in the nature of a declaratory judgment for breach of contract, a writ of mandamus ordering reinstatement, damages, and other relief stemming from alleged violations of state and federal due process protections, including those protected by 42 U.S.C. § 1983. Talbot also moved for a temporary restraining order. After the hearing on that motion, the district court dismissed the entire action for lack of jurisdiction.

## I. Jurisdiction

Talbot contends that the trial court's dismissal was improper because this court's jurisdiction to review dismissal of a tenured teacher attaches only if some proceedings pursuant to § 22–63–117 have been actually held. We disagree.

The Teacher Tenure Act, in §§ 22–63–117(10) and (11), C.R.S. (1984 Cum. Supp.), sets forth the procedures to be followed in dismissing a tenured teacher and gives the court of appeals original jurisdiction to review such dismissals. *Suley v. Board of Education*, 633 P.2d 482 (Colo. App.1981). In reviewing the school board's actions under the Act, the court is to consider both the procedures used and those omitted. *See* §§ 22–63–117(11), 24–4–106(7), and 24–4–106(11), C.R.S. Therefore, because of the board's failure to follow the procedure required under the Act, the trial court correctly concluded that the jurisdiction for review of those actions or non-actions is in the court of appeals.

## II. Action for Review Untimely

Although we do have statutory jurisdiction to review the school board's actions and to order the relief that Talbot seeks, *see* § 24–4–106(7), we do not reach the merits of this argument because the appeal of that portion of this action was not timely filed.

In his complaint, Talbot alleges that his counsel communicated with the school board both prior to and after the September 16, 1982, action to terminate him, that on September 21, 1982, his counsel requested a dismissal hearing pursuant to § 22–63–117, but his request was denied, in writing. Thus, although Talbot had notice of the board's action and its failure to follow the procedures in § 22–63–117, including its refusal to grant him a hearing, he did not file a timely action for review pursuant to the Act. Instead, he waited to file this action in district court until February 1983, well beyond the 45 days during which he was required to seek review. *See* § 24–4–106(11). Accordingly, although the record does not reveal whether Talbot received the written notice required by § 24–4–106(11)(b), because he received actual notice of the termination and the board's written refusal to grant a hearing, we conclude this action for review is barred because it was untimely filed.

### III. Federal Statutory Claim

We hold that Talbot's action based upon 42 U.S.C. § 1983 was properly brought in district court. Because judicial review of the agency action under § 22–63–117(11) "merely provides a remedy for wrongful state agency action," *Gilbert v. School District No. 50*, 485 F.Supp. 505 (D.Colo.1980), and Talbot need not exhaust administrative remedies before bringing an action based on § 1983, the district court improperly dismissed that portion of the action. *See Gilbert v. School District No. 50, supra.*

Accordingly, that part of the judgment which dismissed the 42 U.S.C. § 1983 claim is reversed, and that claim is remanded to the district court for further proceedings. The appeal of that part of the judgment of the district court which related to the board's actions under the Teacher Tenure Act is dismissed.

SMITH and KELLY, JJ., concur.