**Michele SNYDER, Petitioner,**

v.

**JEFFERSON COUNTY SCHOOL DISTRICT NO. 1, and Board of Education of Jefferson County School District No. 1, Respondents.**

**No. 85CA0040.**

Colorado Court of Appeals, Div. II.

Aug. 1, 1985.

Rehearing Denied Aug. 29, 1985.

Hobbs/Bethke & Associates, Larry F. Hobbs, William P. Bethke, Vonda G. Hall, Denver, for petitioner.

Caplan and Earnest, Gerald A. Caplan, Alexander Halpern, Boulder, for respondents.

KELLY, Judge.

The cause comes on for consideration of the petitioner teacher's motion to remand the case to the Board of Education of Jefferson County School District No. 1. The teacher seeks a hearing under the Teacher Employment, Dismissal, and Tenure Act of 1967. Section 22–63–117(5), C.R.S. (1984 Cum.Supp.). We dismiss the petition for the reason that there has not been a final order of the school board.

Petitioner was employed by the Jefferson County Public Schools as a teacher. While absent from her duties, she was discharged by a letter signed by the "Assistant Superintendent of Personnel Services" of the Jefferson County Schools. Consequently, there is no record in this case, and all "facts" have been gleaned from the documents filed by the parties.

Although the letter discharging petitioner from her job was signed on November 27, 1984, it was ostensibly "effective" on October 9, 1984. The letter gives, as rea-

son for termination, petitioner's inability to produce a valid Colorado teaching certificate on November 26, 1984.

On January 10, 1985, petitioner filed, pursuant to § 22–63–117(11), C.R.S. (1984 Cum.Supp.), a "petition for review and a notice of appeal" seeking review of the discharge. Shortly thereafter, she filed the instant motion requesting a remand to the board of education with instructions to conduct a hearing in accordance with the tenure act.

Petitioner contends that she is entitled to the procedural safeguards of the tenure act. While she concedes that her teaching certificate lapsed on December 30, 1983, she argues that this was not the true reason for her discharge. She states that "temporary lapses" in certification do not deprive a teacher of tenure rights where, as here, the teacher is on authorized or unauthorized leave.

The respondents oppose the remand, arguing that, under the plain wording of § 22–63–117(1), C.R.S., only "teachers" are entitled to the protections of the act. Further, under § 22–63–102(9), C.R.S., only persons certified in accordance with § 22–60–101, et seq., C.R.S., are "teachers" within the coverage of the act. Hence, the respondents argue that the petitioner's discharge was a "ministerial act" necessitated by her loss of certification, and that petitioner is a "stranger" to the protections of the tenure act.

Upon review of the motion, responses, and briefs, we conclude that the cause must be dismissed, without prejudice, because there is not a "final" order. This result follows from the fact that petitioner was not discharged by order of the board of education.

This court's jurisdiction to review teacher dismissals under the tenure act is a creature of statute. Specifically, the court has jurisdiction to "review decisions of the board of education in proceedings for the dismissal of a teacher, as provided in § 22–63–117, C.R.S." Section 13–4–102(2), C.R.S. (1984 Cum.Supp.). In turn § 22–63–117(11) provides that a teacher may obtain review of her dismissal in this court "by appropriate proceedings under § 24–4–106(11)." The Administrative Procedure Act, § 24–4–106(11)(b), C.R.S., states that such reviews are "commenced by the filing of a notice of appeal ... within forty-five days after the date of the service of the final order entered in the action by the agency."

In cases arising under the tenure act, the "final order" described in § 24–4–106(11)(b) is certainly the "order" of the board of education required by § 22–63–117(10), C.R.S. (1984 Cum.Supp.). *See Talbot v. School District No. 1*, 700 P.2d 919 (Colo. App.1984). Absent an order by the board, there is not a final order, and this court lacks jurisdiction to review any administrative actions which have occurred. *Cf. Lovett v. School District No. 1*, 33 Colo.App. 434, 523 P.2d 152 (1974) (denial of motions to dismiss and for a bill of particulars was not final agency action subject to review under the tenure act).

Here, the parties are in complete agreement that the school board has not taken any action concerning the petitioner. Consequently, there is nothing for this court to review.

We are not unmindful that if petitioner is entitled to a hearing under the tenure act, the school district may frustrate the right by refusing to take final action. However, the remedy for such refusal would be to seek appropriate relief under C.R.C.P. 106 in the district court. *See Julesburg School District No. RE–1 v. Ebke*, 193 Colo. 40, 562 P.2d 419 (1977); *Maxey v. Jefferson County School District No. R–1*, 158 Colo. 583, 408 P.2d 970 (1965).

The petition is dismissed without prejudice.

SMITH and STERNBERG, JJ., concur.