**Ruby BOHL, Appellant,**

**v.**

**WALSH SCHOOL DISTRICT NO. RE–1, and the Board of Education of Walsh School District RE–1, Appellees.**

**No. 86CA0656.**

Colorado Court of Appeals,
Div. I.

June 1, 1989.

Rehearing Denied June 29, 1989.

Larry F. Hobbs, P.C., Larry F. Hobbs and William P. Bethke, Denver, for appellant.

Caplan & Earnest, Alexander Halpern, Boulder, for appellees.

REED, Judge.

Ruby Bohl seeks review of the termination of her employment as a teacher by the Board of Education of Walsh School District No. RE–1 (Board). We dismiss the review.

From the sparse record presented to us, including the admissions of counsel during oral arguments, the following facts are suggested: Bohl was a tenured teacher in the Walsh School District for many years before 1983, but her teacher's certificate temporarily lapsed between June 1983 and April 1984. After this lapse was discovered, Bohl remained employed as a teacher in the district under "probationary" contracts for the years 1984–1985 and 1985–1986. On April 7, 1986, the Board, by resolution, determined not to "renew" her teaching contract for the year 1986–1987 and gave written notice to that effect. No proceedings were held pursuant to § 22–63–117, C.R.S. (1988 Repl.Vol. 9). This review ensued.

Section 13–4–102(2)(*l* ), C.R.S. (1987 Repl. Vol. 6A) vests initial and exclusive jurisdiction in this court to review the *decisions* of the Board in proceedings for the *dismissal* of a teacher, as provided in § 22–63–117, C.R.S. (1988 Repl.Vol. 9). Dismissal proceedings under this section are predicated upon the grounds for *dismissal* set forth in § 22–63–116, C.R.S. (1988 Repl.Vol. 9) such as disability, incompetency, neglect of duty, etc. Termination of employment for grounds not set forth in § 22–63–116, such as a termination resulting from a reduction in force, are not within the purview of § 22–63–117. *See Howell v. Woodlin School District R–104*, 198 Colo. 40, 596 P.2d 56 (1979). Similarly, dismissal of a teacher for lack of certification at the time of dismissal does not fall within the provisions of § 22–63–117. *Frey v. Adams County School District No. 14*, 771 P.2d 27 (Colo.App.1989).

Once properly instituted, § 22–63–117 provides specific procedures for these dismissal proceedings, including, upon the teacher's request, a full hearing resulting in a record and transcript of the evidence and testimony received by the administrative law judge (ALJ). Section 22–63–117(8), C.R.S. (1988 Repl.Vol. 9). This record, together with the recommendations of the ALJ, are then forwarded to the Board which, upon review of the record and recommendations, is required to enter a written order either dismissing or retaining the teacher, or placing the teacher on one year probation. Section 22–63–117(10), C.R.S. (1988 Repl.Vol. 9). It is this order of the school board in a dismissal proceeding which gives the court of appeals original jurisdiction for appellate review. *Suley v. Board of Education of Jefferson County School District No. R–1*, 633 P.2d 482 (Colo.App.1981); *Lockhart v. Board of Education of Arapahoe County School District No. 6*, 735 P.2d 913 (Colo. App.1986). This appellate review is based upon the record made before the ALJ and the Board. Section 22–63–117(11), C.R.S. (1988 Repl. Vol. 9).

Here, until this review, no proceedings were ever instituted under § 22–63–117. No record was ever made before an ALJ or the Board nor any findings or order issued therefrom upon which this court can review adequately the actions of the Board, *see deKoevend v. Board of Education*, 688 P.2d 219 (Colo.1984), or even determine Bohl's tenure status or if Bohl's termination constituted a *dismissal* to which the provisions of § 22–63–117 apply. The only "record" before us consists of minutes of the Board meeting and the notice to Bohl. Those materials are insufficient to frame the dispute, and accordingly, we conclude that the matter is not within the scope of our jurisdiction under § 22–63–117(11).

We are aware of our decision in *Talbot v. School District No. 1*, 700 P.2d 919 (Colo. App.1984) in which we held that this court had jurisdiction to review a school board's actions or non-actions affecting a tenured teacher under circumstances in which the

school board failed to follow procedures set forth in § 22–63–101, et seq., C.R.S. (1988 Repl.Vol. 9). We decline to follow *Talbot.* Rather, we conclude that there is no order of the Board reflecting its decision as required by § 22–63–117 upon which appellate review can be predicated in this court. In this respect, we believe the case to be similar to, though not identical with, *Snyder v. Jefferson County School District No. 1,* 707 P.2d 1049 (Colo.App.1985). In *Snyder,* the teacher was terminated by letter from a school executive without any order of the Board. Here, we conclude there was an order of the Board terminating employment, but there was no order of the Board rendered under § 22–63–117.

As in *Snyder,* we recognize that refusal of the Board to follow the procedures of § 22–63–117 may require, in appropriate cases, invocation of the district court's jurisdiction under Rule 106.

Review dismissed without prejudice.

PIERCE, J., concurs.

STERNBERG, J., dissents.

STERNBERG, Judge, dissenting.

I respectfully dissent.

In my view, *Talbot v. School District No. 1,* 700 P.2d 919 (Colo.App.1984) (*cert. denied,* June 10, 1985) correctly interprets the applicable statute as vesting in this court exclusive jurisdiction over the actions of a school board in terminating the employment of a tenured teacher. I find *Snyder v. Jefferson County School District No. 1,* 707 P.2d 1049 (Colo.App.1985), relied upon by the majority, as distinguishable from both *Talbot* and this case on its facts. Contrary to the situation in *Snyder,* here, there was specific Board action, *i.e.,* a resolution duly passed by the Board in which it determined not to renew Bohl's teaching contract.

I would reach the question whether the action of the Board in not renewing Bohl's contract without giving her the opportunity for a hearing violated her rights under § 22–63–117, C.R.S. (1988 Repl.Vol. 9), and would hold it did.

Therefore, I would reverse the action of the Board and remand the cause for institution of appropriate proceedings under § 22–63–117, C.R.S. (1988 Repl.Vol. 9). *See deKoevend v. Board of Education,* 688 P.2d 219 (Colo.1984).