**Ruby BOHL, Petitioner,**

v.

**WALSH SCHOOL DISTRICT NO. RE-1, and Board of Education of Walsh School District No. RE-1, Respondents.**

**No. 89SC416.**

Supreme Court of Colorado, En Banc.

Jan. 14, 1991.

William P. Bethke, Denver, for petitioner.

Caplan and Earnest, Alexander Halpern, Alan J. Canner, Boulder, for respondents.

Justice LOHR delivered the Opinion of the Court.

This case presents the issue of the jurisdiction of the Colorado Court of Appeals to review the decision of a board of education not to renew the employment of a tenure teacher whose teacher's certificate had lapsed for a time but had been renewed before the board's decision. The court of appeals held that because no proceedings were instituted by Walsh School District No. 1 under section 22–63–117, 9 C.R.S. (1988), for termination of the employment of the teacher, Ruby Bohl, the court lacked jurisdiction under section 22–63–117(11) to review the board of education resolution dismissing the teacher. *Bohl v. Walsh School Dist. No. RE–1,* 778 P.2d 307 (Colo. App.1989). We affirm.

Ruby Bohl was a tenure teacher in Walsh School District No. 1 (district) from 1968 to 1986. Her teacher's certificate lapsed from June 1983 to April 1984, when Bohl obtained renewal of the certificate. The district continued to employ Bohl until April 7, 1986, when the board of education of the district adopted a resolution not to renew her teaching contract for the 1986–1987 school year. Bohl sought review of the board's decision pursuant to section 22–63–117(11) of the Teacher Employment, Dismissal, and Tenure Act of 1967, §§ 22–63–101 to –118, 9 C.R.S. (1988).[1]

The board of education took the position that when Bohl's certificate lapsed, she lost tenure and that her employment after the lapse was as a nontenured teacher. The board of education, therefore, relied on section 22–63–110, 9 C.R.S. (1988), concerning teachers who have not acquired tenure, in support of its asserted right not to renew Bohl's employment contract. Bohl does not agree that the lapse of her teacher's certificate ended her status as a tenure teacher and made it unnecessary for the board of education to proceed under section 22–63–117 to determine whether she should be dismissed. The court of appeals did not reach the substantive issues but concluded that in absence of proceedings under section 22–63–117, which provides for a hearing on the record before an administrative law judge, findings and recommendations

1. In 1990 the Teacher Employment, Dismissal, and Tenure Act was repealed and reenacted as the Teacher Employment, Compensation, and Dismissal Act of 1990. *See* §§ 22–63–101 to –403, 9 C.R.S. (1990 Supp.). The 1990 Act, however, is inapplicable to dismissal of Ruby Bohl in April 1986.

by that judge, and a written order by the board of education acting on the findings and recommendations of the administrative law judge, the court of appeals had no jurisdiction to review the decision of the board of education. We agree.

Today we decided the case of *Frey v. Adams County School Dist. No. 14*, 804 P.2d 851 (Colo.1991), in which we held that in absence of proceedings conducted under section 22–63–117, the Colorado Court of Appeals lacks jurisdiction under section 22–63–117(11) to review an order of a board of education terminating the employment of a tenure teacher. For the same reasons expressed in that opinion, we hold that the court of appeals has no jurisdiction to review a decision by a board of education not to renew a teacher's contract in the absence of proceedings under section 22–63–117, notwithstanding the teacher's contention that she was a tenure teacher. As the court of appeals noted, refusal by the board of education to follow the procedures of section 22–63–117 may be remedied in appropriate cases by invoking the jurisdiction of a district court under C.R.C.P. 106, 7A C.R.S. (1990).

Judgment affirmed.

VOLLACK and MULLARKEY, JJ., do not participate.