Lisa **MANN**, Plaintiff,

v.

**UNIVERSITY OF CINCINNATI,**
**et al., Defendants.**

No. C-1-92-852.

United States District Court,
S.D. Ohio,
Western Division.

Sept. 27, 1994.

Robert Hugh Gutzwiller, Cincinnati, OH, for plaintiff.

Frank Hale Stewart and Rosemary Doreen Canton, Taft, Stettinius & Hollister, Cincinnati, OH, for defendants.

*ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

SPIEGEL, District Judge.

This matter is before the Court on Plaintiff's motion for partial summary judgment (doc. 50), Defendants' motion for summary judgment (doc. 51), the responses of both parties (docs. 54 and 55), and the replies of both parties (docs. 60 and 61).

## BACKGROUND

The Plaintiff, Ms. Mann, brought this action against the University of Cincinnati (hereinafter "University") for sexual harassment. Ms. Mann alleges that the actions of two University employees Mr. Monast and Mr. Clemens deprived her "of her right to be free from arbitrary, capricious, and unreasonable decisions relating to her grades and scholastic record at the University of Cincinnati as guaranteed by the Fourteenth Amendment to the Constitution of the United States." Amended Complaint, ¶ 40(B) (doc. 35). Ms. Mann brought her claims under 42 U.S.C. § 1983 and Title IX of the Educational Amendments of 1972 (codified as amended at 20 U.S.C. §§ 1681–1688 (1988)) (hereinafter "Title IX") [1].

The Plaintiffs motion for partial summary judgment alleges that a statement by one of the Defendants created a hostile environment, and thus, she argues summary judgment is appropriate. The Defendants argue that the statement was said in a joking manner, and thus, no hostile environment was created and they argue summary judgment is appropriate in their favor. The Defendants further claim that they are entitled to immunity, because the University is an arm of the state government and Mr. Monast and Mr. Clemens are state officials. Because material issues of fact are involved and the Defendants are not entitled to immunity, we DENY all motions for summary judgment.

---

1. This statute provides in pertinent part that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving financial assistance." 20 U.S.C. § 1681(a).

## DISCUSSION

### STANDARD OF REVIEW FOR SUMMARY JUDGMENT

The narrow question that we must decide on a motion for summary judgment is whether there exists a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Supreme Court elaborated upon the appropriate standard in deciding a motion for summary judgment as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Id.* at 321, 106 S.Ct. at 2552; *Guarino v. Brookfield Township Trustees,* 980 F.2d 399, 405 (6th Cir.1992). If the moving party meets this burden, then the non-moving party "must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e). *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Guarino,* 980 F.2d at 405. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The judge's function is not to weigh the evidence and determine who has presented the stronger case, but rather solely to determine whether a genuine issue exists for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. at 2510–11 (internal citations omitted).

## SUMMARY JUDGMENT IS NOT APPROPRIATE IN THIS CASE

### A. *Material Issues of Fact Exist.*

Several material issues of fact exist in this case, and thus, summary judgment is not appropriate. In fact, the parties agreed in their Final Pre–Trial Order that material issues of fact exist. For example, at page 4 of the submitted order, the parties state as contested issues of fact: "1.(b) Whether the complained of conduct was 'unwelcome.' (c) Whether the complained of conduct ... created a hostile environment.... (e) Whether Defendant University of Cincinnati took prompt and appropriate action when it received notice of Mann's hostile environment complaints." The hostile environment issue is one of the most important issues in this case, and a court should not order summary judgment when the parties dispute whether a hostile environment existed, and making this determination would require a weighing of the evidence. *See Harris v. Forklift Systems, Inc.,* —— U.S. ——, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11 (holding court should not weigh evidence on summary judgment motion).

Plaintiffs argue in their motion that when Mr. Clemens' asked Ms. Mann whether she would "sleep with him", it rose to the level of sexual harassment. While this statement was inappropriate, the jury must decide if it created a hostile environment. On a motion for summary judgment, the Court does not engage in weighing the evidence and determining whether it was said jokingly, seriously, or in some other manner that rose to the level of sexual harassment. The jury will be able to determine from the many different factors presented in court including the frequency of such statements or conduct, the nature of the relationship, the statements interference with performance, and other such factors, whether a hostile environment was created. *Harris,* —— U.S. at ——, 114 S.Ct. at 371. Consequently, summary judgment is inappropriate for either side with regards to these issues.

**B.** *Defendants are not Immune under Eleventh Amendment.*

■ Finally, the Defendants argue that they are entitled to immunity from suit under the Eleventh Amendment. The Defendants argue that a section 1983 action cannot be brought against the University, Mr. Monast and Mr. Clemens in their official capacities, and argue a Title IX action is not appropriate against Mr. Monast and Mr. Clemens. We need not address all Defendants claims, because we find that according to the Supreme Court's recent decision in *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992),[2] the entire suit may proceed under Title IX.

In *Gwinnett,* the Plaintiff, a female high school student, brought suit alleging she was subjected to sexual harassment and abuse. *Id.* 503 U.S. at ——, 112 S.Ct. at 1031. She brought this suit against the school and one of the school officials who knew about the abuse but failed to act. *See Franklin v. Gwinnett County Public Schools,* 911 F.2d 617, 618 (11th Cir.1990). The Supreme Court, reversing the district court and court of appeals, held that the Plaintiff was entitled to damages under Title IX. *Franklin,* 503 U.S. at ——, 112 S.Ct. at 1038. The Supreme Court reasoned that in the Civil Rights Remedies Equalization Amendment of 1986, 42 U.S.C. § 2000d–7, "Congress abrogated the States' Eleventh Amendment Immunity under Title IX...." *Id.* at ——, 112 S.Ct. at 1035. "A subsection of the 1986 law provides that in a suit against a State, 'remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a state.'" *Id.* (quoting 42 U.S.C. § 2000d–7(a)(2)). Therefore, the Plaintiff, Ms. Mann, may seek both injunctive and equitable relief under Title IX against the University and its officials.

The Defendants argue that Title IX suits can only be brought against the educational institution, and not Mr. Monast and Mr. Cle-

mens. We disagree. In *Gwinnett,* the Plaintiff sued both the educational institution and one of its officials, and the Supreme Court did not say the law applied only to the institution. *Id.* Most courts including the Supreme Court have allowed suits under Title IX to proceed against both the institution and its officials. *See Gwinnett,* —— U.S. at ——, 112 S.Ct. 1028; *Pfeiffer v. School Bd. for Marion Center Area,* 917 F.2d 779, 787 (3rd Cir.1990) (suit against school and its officials); *Patricia H. v. Berkeley Unified School Dist.,* 830 F.Supp. 1288 (N.D.Cal. 1993) (suit against school and its officials); *but see Lipsett v. University of Puerto Rico,* 864 F.2d 881, 901 (1st Cir.1988) (holding that suit against supervisory officials, rather than those directly involved, should be brought under section 1983 and not Title IX). We further believe that by allowing suit to proceed against the school and its officials under Title IX, we are carrying out the Supreme Court's mandate to give Title IX "a sweep as broad as its language." *North Haven Bd. of Educ. v. Bell,* 456 U.S. 512, 521, 102 S.Ct. 1912, 1917, 72 L.Ed.2d 299 (1982) (quoting *United States v. Price,* 383 U.S. 787, 801, 86 S.Ct. 1152, 1160–61, 16 L.Ed.2d 267 (1966)).

■ Consequently, the Plaintiff's suit is properly brought under Title IX against the University and against Mr. Monast and Mr. Clemens in their official capacity. Furthermore, the Plaintiff's suit is properly brought under section 1983 against Mr. Monast and Mr. Clemens in their personal capacities. However, to the extent that the suit was brought under section 1983 against the University, and against Mr. Monast and Mr. Clemens in their official capacities, it must be dismissed.

The Supreme Court has made clear that when a federal statute provides its own comprehensive enforcement scheme, courts should follow it and exercise substantial restraint before unnecessarily reaching constitutional claims. *See Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n,* 453 U.S. 1, 19–21, 101 S.Ct. 2615, 2625–27, 69 L.Ed.2d 435 (1981). "[W]hen 'a

---

**2.** This decision was agreed upon by all nine justices. JUSTICE WHITE wrote a decision for six justices, while JUSTICE SCALIA wrote a con-

currence in which the CHIEF JUSTICE and JUSTICE THOMAS joined.

state official is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirements of that enforcement procedure may not be bypassed by bringing suit directly under § 1983.'" *Id.* at 20, 101 S.Ct. at 2626 (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 673 n. 2, 99 S.Ct. 1905, 1945 n. 2, 60 L.Ed.2d 508 (1979) (Stewart J., dissenting). Since this decision, the *Sea Clammers* doctrine has been applied in Title IX cases to subsume section 1983 claims. *See Pfeiffer*, 917 F.2d at 789 (Title IX subsumes section 1983 claims); *Williams v. School Dist. of Bethlehem, PA.*, 998 F.2d 168, 176 (3rd Cir.1993) (holding because Title IX provides own enforcement scheme, "Congress intended to foreclose right of action under section 1983"), *cert. denied* — U.S. ——, 114 S.Ct. 689, 126 L.Ed.2d 656 (1994); *Mabry v. State Bd. for Community Colleges and Occupational Educ.*, 597 F.Supp. 1235, 1239 (D.Colo.1984) (holding Title IX sufficiently comprehensive to preclude section 1983 claims), *aff'd on other grounds*, 813 F.2d 311 (10th Cir.), *cert. denied* 484 U.S. 849, 108 S.Ct. 148, 98 L.Ed.2d 104 (1987). Therefore, because this suit can be brought against the University and the teachers, in their official capacity, under Title IX and Title IX has a comprehensive enforcement scheme, it would be inappropriate to also have section 1983 claims to that extent. Therefore, the Plaintiff's suit should proceed under Title IX against all of the Defendants, and under section 1983 against Mr. Monast and Mr. Clemens in their personal capacities.

## CONCLUSION

Accordingly, we hereby DENY Plaintiff's motion for partial summary judgment. Furthermore, we DENY IN PART Defendants' motion for summary judgment, granting it only to the extent that we DISMISS the portion of the suit under section 1983 against Mr. Monast and Mr. Clemens in their official capacity and against the University.

SO ORDERED.